FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 1 2020

JAMES N. HATTEN, Clerk
By: 
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGA
ATLANTA DIVISION

| | |
|---|---|
| byron-wendell: phillips<br>Plaintiff<br><br>v.<br><br>The Life Property Management Services, LLC<br><br>Tonya Carter, Agent<br><br>3321 Peppertree Circle Decatur LLC, Owner of<br><br>Crystal Point Apartments<br><br>Registered Agents Inc, Registered Agent<br><br>REGISTERED AGENTS INC., Registered Agent<br><br>REGISTERED AGENTS INC<br><br>NORTHWEST REGISTERED AGENT, LLC.,<br><br>Registered Agent<br><br>Bill Havre, CEO<br><br>QUICK DROP IMPOUNDING, TOWING &<br><br>RECOVERY, INC.<br><br>Tenesha Thomas, Registered Agent<br><br>JOHN DOE, Tow Truck Driver<br><br>Curtis McMurray, CEO | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No.<br><br>**1:20-CV-0812**<br><br>JURY DEMAND |

DeKalb, County of                                    §
                                                     §
                                                     §
Jeffrey L. Mann, Esq., Dekalb County Sheriff         §
(Individual Capacity)                                §
                                                     §
                                                     §
James W. Conroy, Dekalb County Police Chief          §
(Individual Capacity)                                §
                                                     §
                                                     §
Officer Morgan, South Precinct                       §
(Individual Capacity)                                §
                                                     §
                                                     §
Officer Harris, Badge #3303 South Precinct           §
(Individual Capacity)                                §
         Defendant(s).                               §
                                                     §

# COMPLAINT

Comes now the Plaintiff, byron-wendell: phillips (phillips), and files this complaint

for deprivation of rights under color of state law pursuant to 42 U.S.C. §1983.

## Section I. VENUE
1.  Venue is appropriate, for the cause of action arose within the Northern District.

## Section II. JURISDICTION & BASIS
2.  This court has jurisdiction over 42 U.S.C. §1983 claims.

The basis for deprivation claim(s) is (1) interfering with/violating and (2) restricting the

Constitutional right to choose; right to be secure in effects from unreasonable seizure; right

to due process; right to equal protection of the law; right to life; right to liberty; right to

property. Deprivation of these constitutional rights led to deprivation of phillips' rights

pursuant to life, liberty, and property interest(s). The rights pursuant to these interest(s)

include the right to be free to self-govern; to self-identify; to choose a lawful vocation and

pursue it to provide for himself economically; to travel by his choice of mode of conveyance; to not participate in a fraudulent system; to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being; to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all; to properly classify his own property; and to protect his own property from trespassers. The statutory basis is the violation of 42 U.S.C. §§1981(a), (c); 1982; 1985(3). The defendant(s) named herein either directly or indirectly, and by action or inaction, participated in activity giving rise to deprivation claim(s).

## Section III. PARTIES TO COMPLAINT

### Plaintiff

3. The Plaintiff, phillips, occupies a residence within the County of DeKalb, State of Georgia, which is within the Northern District.

### Defendant(s)

a. Defendant, The Life Property Management Services, LLC agent(s) physical address is/was located at 3321 Peppertree Circle, Decatur, Georgia 30034 (Leasing Office) within DeKalb County, at the relevant time. Principal office address and record address is/was located at 450 Lexington Avenue, 4th Floor, New York, NY, 10017, at the relevant time.

b. Defendant, Tonya Carter, Agent for The Life Property Management Services, LLC home address unknown and is no longer at the physical address located at 3321

Peppertree Circle, Decatur, Georgia 30034 (Leasing Office) within DeKalb County, at the relevant time. Current employment status with The Life Property Management Services, LLC is uncertain. Management staff was/is periodically rotated amongst other properties.

c. Defendant, 3321 Peppertree Circle Decatur LLC (listed owner of Crystal Point Apartments), physical address is/was located at 3321 Peppertree Circle, Decatur, Georgia 30034 (Leasing Office) within DeKalb County, at the relevant time. Principal office address and record address is/was located at 450 Lexington Avenue, 4th Floor, New York, NY, 10017, at the relevant time.

d. Defendant, Registered Agents Inc, Registered Agent for 3321 Peppertree Circle Decatur LLC, physical address is/was located at 300 Colonial Center Parkway, STE 100N, Roswell, GA, 30076 within Fulton County, at the relevant time.

e. Defendant, REGISTERED AGENTS INC., Registered Agent for The Life Property Management Services, LLC physical address is/was located at 300 Colonial Center Parkway, STE 100N, Roswell, GA, 30076 within Fulton County, at the relevant time.

f. Defendant, REGISTERED AGENTS INC, physical address is/was located at 300 Colonial Center Parkway, STE 100N, Roswell, GA, 30076 within Fulton County, at the relevant time.

g. Defendant, NORTHWEST REGISTERED AGENT, LLC., Registered Agent

for REGISTERED AGENTS INC, physical address is/was located at 300 Colonial Center Parkway, STE 100N, Roswell, GA, 30076 within Fulton County, at the relevant time.

h. Defendant, Bill Havre, CEO for NORTHWEST REGISTERED AGENT, LLC., home address unknown, business address is/was located at 412 N. Main Street, STE 100, BUFFALO, WY, 82834, physical address is/was located at 300 Colonial Center Parkway, STE 100N, Roswell, GA, 30076 within Fulton County, at the relevant time.

i. Defendant, QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC. principal office address is/was located at 2481 Old Covington Hwy., Conyers, GA, 30012 and physical address is/was located at 2481 Covington Hwy SW, Conyers, GA 30094 within Rockdale County, at the relevant time.

j. Defendant, Tenesha Thomas, Registered Agent for QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC. (in her individual capacity) home address unknown, principal office address is/was located at 2481 Old Covington Hwy., Conyers, GA, 30012 and physical address is/was located at 2481 Covington Hwy SW, Conyers, GA 30094 within Rockdale County, at the relevant time.

k. Defendant, JOHN DOE, Tow Truck Driver for QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC. home address unknown, principal office address is/was located at 2481 Old Covington Hwy., Conyers, GA, 30012 and physical

address is/was located at 2481 Covington Hwy SW, Conyers, GA 30094 within

Rockdale County, at the relevant time.

l.  Defendant, Curtis McMurray, CEO for QUICK DROP IMPOUNDING, TOWING

&amp; RECOVERY, INC. home address unknown, principal office address is/was located

at 2481 Old Covington Hwy., Conyers, GA, 30012 and physical address is/was

located at 2481 Covington Hwy SW, Conyers, GA 30094 within Rockdale County, at

the relevant time.

m. Defendant, Jeffrey L. Mann, Esq., Sheriff home address unknown, headquarters and

physical address located at Executive Offices 4415 Memorial Drive, Decatur, GA

30032 within DeKalb County, at the relevant time.

n.  Defendant, DEKALB, COUNTY OF, principal office address and physical address

is/was located at 3800 Commerce Drive, Decatur, GA 30030 within DeKalb County,

at the relevant time.

o.  Defendant, James W. Conroy, Police Chief, DeKalb County, Georgia  home address

unknown, headquarters and physical address located at DeKalb County Police

Department Headquarters 1960 West Exchange Place Tucker, GA 30084 within

DeKalb County, at the relevant time.

p.  Defendant, Officer Morgan (Sergeant), South Precinct, DeKalb County Police home

address unknown, physical address located at Dekalb County Police South Precinct,

2842 H. F. Shepherd Dr., Decatur, GA 30034 within DeKalb County, at the relevant time.

q. Defendant, Officer Harris, Badge #3303, South Precinct, DeKalb County Police home address unknown, headquarters and physical address located at Dekalb County Police South Precinct, 2842 H. F. Shepherd Dr., Decatur, GA 30034 within DeKalb County, at the relevant time.

## Section IV. ACTING UNDER COLOR OF STATE LAW

4. Determining factors of acting under color of State law:

a. Defendants, The Life Property Management Services, LLC, Tonya Carter, 3321 Peppertree Circle Decatur LLC, Registered Agents Inc, REGISTERED AGENTS INC., REGISTERED AGENTS INC, NORTHWEST REGISTERED AGENT, LLC., and Bill Havre share a common organizational structure which is a consortium or association of persons, as found via a corporations search on the Georgia Secretary Of State website, hereinafter referred to as Group I when not addressed individually. In this case, The Life Property Management Services, LLC (The Life) and its agent Tonya Carter was/is using State authority and performing public functions customarily done by the State, to wit, determining which vehicles must be licensed, which involves payment of a license fee or tax, and deciding who has right of possession. The unreasonable and abusive misuse of State authority by The Life and its agent, Tonya Carter, is/was the seizure of personal/private automobiles, having

no ownership interest and no right of possession, without a warrant (no probable cause) and no hearing prior to depriving the owner/possessor of his/her property, for not having a state license. In item 21, p. 3 of the lease[1], at the relevant time, it states "We may remove unauthorized or illegally parked vehicles from the apartment community at your expense under the terms of this Lease Contract or by appropriate statute. A vehicle is unauthorized or illegally parked in the apartment community if it: (3) has no current license or no current inspection sticker". (See Exhibit "A") Reference to "appropriate statute" infers encouragement to enforce their policy of conversion, which is what happened to phillips and his property in this case. There is no evidence that either The Life or Tonya Carter, or any other member of Group I, had/have any objection to adopting, implementing, and/or executing any State statute, ordinance, regulation, custom, or usage, to subject phillips to deprivation of his property and the use of it, thereby depriving phillips of his rights pursuant to life and liberty interests. Therefor, the other members of Group I acquiesced to the encouraged use of State authority by The Life and Tonya Carter to executed their policy of conversion.

b. Defendant, QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC. (Quick Drop) and its defendant employees/agents, Tenesha Thomas, JOHN DOE Tow Truck Driver, and Curtis McMurray, hereinafter referred to as Group II when not addressed individually, were/are hired and/or contracted out by The Life as their

agent(s) in depriving phillips of his property and the use of it, without a warrant (no probable cause) and no hearing. The quasi-beneficiary role of Group II in the conversion was/is that they are the person(s) who were granted right of possession of phillips' personal/private automobile by The Life and is exercising dominion over said property, without phillips' consent, and with malicious and extortive intent. Group II is the last known possessor of phillips' property. There is no evidence that any of these defendants had/have any objection to willfully enforcing and/or executing a policy of conversion encouraged by any State statute, ordinance, regulation, custom, or usage. The joint actions of Group I and Group II may be construed as conspiracy to deprive phillips of his rights.

c.   Defendant, Jeffrey L. Mann, Esq., Sheriff, was an official of the State of Georgia, and a policymaker for the Sheriff's Department, at the relevant time. The events of this case occurred within the geographical area covered by the Sheriff's Department.

d.   Defendant, DeKalb, County of, is a political subdivision of the State.

e.   Defendant, James W. Conroy, Police Chief, was an official of the county of DeKalb at the relevant time and pursuant to DeKalb Police Employee Manual Section 1-2.2 A. and 1-3.1, he was/is the policymaker for the Department.

e.1 Defendant, Officer Morgan was an official of the county of DeKalb at the relevant time and assigned to the South Precinct. At the relevant time, Officer Morgan identified himself as a police officer (Sergeant) both when he left a message on

phillips' voicemail and when phillips promptly returned his call concerning the proscribed incident report filed by Officer Harris. The events of this case occurred within the geographical area covered by these officers and their precinct.

e.2 Officer Harris, Badge #3303, was an official of the county of DeKalb at the relevant time and assigned to the South Precinct. At the relevant time, Officer Harris, presented himself as a police officer after phillips called the precinct to report his personal/private automobile stolen. He arrived at Crystal Point Apartments, Building 3308, in a DeKalb County emergency vehicle marked "Police DeKalb County" and was wearing the attire of a DeKalb County Police Officer.

These officers shall hereinafter be referred to as Group III when not addressed individually.

## FACTS AND BACKGROUND NARRATIVE

**Section V. EVENTS**

(A) Pre-Deprivation Events

4.1. On 10/10/2017 a Quick Drop tow truck driver trespassed upon phillips personal/private automobile placing a sticker on it in reference to a "tag", and the date of tow was marked "10-12". The next day, 10/11/2017, phillips appeared in person and informed the Management staff at Crystal Point Apartments about his personal/private automobile alternative registration/title and private plate obtained from the United States Of America Department Of Travel, which had been stolen. They refused to heed

the information and refused the offer by phillips to show them his documentation and
photo of the stolen private plate. Shortly thereafter, on 10/11/2017, phillips contacted
and notified the Quick Drop establishment, and advised its representative at that time
not to concern themselves with his personal/private automobile and that it is registered
and recorded alternatively through the United States Of America Department Of Travel.
They also refused to heed the information.

4.2.  On 10/12/2017, after 9:00 a.m., a Quick Drop tow truck arrived. phillips informed the
driver about his personal/private automobile private plate and would not allow him
to seize it. The driver then issued a threat that if phillips personal/private automobile
is still parked in front of Building 3308 when the next driver arrives that it would be
towed. He then proceeded to seize/steal 2 other automobiles. Approximately 1 1/2 to
2 hours later, the second Quick Drop tow truck arrived. phillips would not allow the
second driver to seize/steal his personal/private automobile either. In order to diffuse
the situation, the driver asked phillips if the vehicle was/is working, and phillips replied
"yes, it's running fine". Then the driver asked phillips 'can you move it across the
street for me?' and phillips did so, temporarily, to further diffuse the situation.

4.3.  After phillips had parked his personal/private automobile across the street in the
parking area of the townhome community across the street (Columbia Drive), and was
crossing the street on foot, he noticed a Dekalb County emergency vehicle (SUV body
type) marked "DeKalb County Sheriff" sitting in the northbound lane about 80 to 100

yards south of the entrance to the parking area of the townhome community where phillips had temporarily parked his personal/private automobile. The Sheriff's deputy left as the tow truck driver left the scene.

(B) Deprivation Events

4.4. On 1/12/2018 phillips placed signage on the dash and in the rear window clearly stating "PRIVATE AUTOMOBILE NOT FOR HIRE" and in red type above/below it "NO TRESPASSING". phillips had already created a placard with the private plate info on it and attached it to the rear bumper of his personal/private automobile previously when his private plate was stolen. Also, during the same time period from pre-deprivation events to deprivation events below, changes in personnel had taken place and Tonya Carter was in the managing agent position.

4.5. On 2/22/2018 a Quick Drop tow truck driver placed a sticker on "one's" personal/private automobile, ignoring the signage posted on the dash and in the rear window clearly stating "PRIVATE AUTOMOBILE NOT FOR HIRE" and in red type above/below it "NO TRESPASSING". The 'date of tow' was marked 2-26. On 2/26/2018 phillips waited the entire day for the Quick Drop tow truck to arrive, but it did not arrive.

4.6. On 2/28/2018, phillips sent a verified letter/notice to Sheriff Mann, informing him of the events that had previously taken place and that were taking place at that moment. He acquiesced to the actions of Quick Drop and has yet to respond to that letter/notice.

4.7. On 3/5/2018, while phillips was at the Flat Shoals Branch of the DeKalb County Public Library (approximately 7-minute walk from Building 3308) Quick Drop trespassed upon phillips' personal/private automobile, again, and seized/stole it. When phillips returned from the library around 1:30 p.m., he saw that his personal/private automobile had been seized/stolen. phillips' neighbor, at the relevant time, witnessed the theft and told phillips that he advised the tow truck driver saying "I don't think you need to mess with that truck" and stated that the driver replied "this makes the second time we've been out here about his tag". Since that time Robert has moved and phillips does not know of his whereabouts or contact information. phillips called DeKalb County Police and reported his personal/private automobile stolen, and at approximately 3:00 - 3:15 p.m. Officer Harris arrived to gather information for the incident report.

4.8. On 3/8/2018 phillips appeared in person and informed Tonya Carter that his personal/private automobile had been seized/stolen by Quick Drop and asked for the address and phone number to the corporate headquarters or her supervisor . She ignored phillips' request for the information and asked "Did you notify us?". phillips replied "I notified management in October of last year about my personal/private automobile" and "No, I did not need to tell you again." Then Tonya Carter replied "Why are we having this conversation then?". phillips replied "Fine", and left the leasing office.

4.9.   On 3/16/2018 phillips retrieved certified mail, dated 3/12/2018, from Quick Drop at the Wesley Chapel USPS location. The documents stated that phillips personal/private automobile had been "turned over" to Quick Drop which included a demand for payment and a form disclaiming the property for phillips to fill out, sign, notarize, and send it back to Quick Drop along with the key, title, and towing fee.

4.10.   On 3/17/2018 phillips sent the required request for a copy of the incident report to the DeKalb Police Central Records Section.

4.11.   On 3/23/2018 phillips returned to Quick Drop the original documents (in blank form) retrieved on 3/16/2018 with a verified letter/notice disputing their actions and describing how they had violated his rights. The letter/notice included other documents including a Fee Schedule Invoice billed to Quick Drop itemizing charges for violation(s) and restriction of his rights. Also in the letter/notice, phillips advised Quick Drop to return his property within seven days along with payment for charges billed, including notice of failure to do so would result in interest accruing at a rate of 1/2 % per day. Also on 3/23/2018, a verified letter/notice was sent to Sheriff Mann and The Life Property Management Services, LLC, which also included a Fee Schedule Invoice billed respectively to each defendant in Group I itemizing charges for violation(s) and restriction of his rights, including notice of failure to return his property within seven days along with payment for charges billed would result in interest accruing at a rate of 1/2 % per day.

4.12. On 3/28/2018 phillips retrieved, from his mailing location, the requested copy of the incident report from DeKalb Police Central Records Section, which is located at the headquarters. Upon review of the report proscribed by Officer Harris, he noticed that all the information pertinent to identifying his property was excluded from the report, including the redacted VIN#, and that Officer Harris had entered his own narrative based on the sticker that had been placed on phillips' personal/private automobile. On 3/5/2018, the date of the incident, Officer Harris had asked phillips if he knew who had taken his vehicle and phillips gave him the sticker to verify that phillips knew who had seized/stolen his personal/private automobile. (See Exhibit "B")

4.13 On 3/30/2018 phillips contacted the precinct via telephone between 9:10 - 9:15 a.m., and talked with the attendant at the screening desk regarding the report's missing information. The attendant advised phillips that Officer Harris would be off-duty until Monday 4/2/2018, and that he would be the one responsible for correcting the report.

4.14. On 4/2/2018 phillips contacted the precinct via telephone between 9:10 - 9:15 a.m., and spoke with the screening desk attendant. After giving the attendant his contact information, she advised phillips that she would email the message and info to Officer Harris, and that Officer Harris would contact him.

4.15. On 4/4/2018 phillips contacted the precinct via telephone between 1:10 - 1:15 p.m., and spoke with the screening desk attendant. After informing the attendant that phillips had not heard from Officer Harris neither by direct phone contact nor by voicemail, she

asked if he wanted to leave a message and info for Officer Harris. phillips replied, "No", and that he'd rather speak with his supervisor. The attendant transferred phillips to Officer King's (Lieutenant) phone line, and he left a message for him/her to contact him regarding the matter.

4.16. On 4/9/2018 phillips contacted the precinct via telephone between 1:30 - 1:40 p.m. and spoke with the screening desk attendant. After informing the attendant that he had not heard from neither Officer Harris nor Officer King by direct phone contact nor by voicemail, she inquired what information was missing from the report. As phillips began giving the information, she informed phillips that the redacted VIN Number on the report was/is a new procedure by the DeKalb Central Records Section, but didn't know why. She then advised phillips that he needed to speak with Officer King to have the report corrected, and transferred him to his/her line. Again, phillips left a message and his contact information.

4.17. On 4/11/2018 phillips received a voicemail from Officer Morgan (Sergeant) at approximately 6:00 p.m. He promptly returned the call between 6:05 - 6:10 p.m. Officer Morgan asked what information was missing from the report. phillips gave him the short list of things not included in the report (i.e., plate number, maker of the plate, location of the maker of the plate, why he had the plate instead of a state license plate). After receiving the information, Officer Morgan stated that Officer Harris had followed

protocol correctly, thereby acquiescing to the course of action taken by Officer Harris, Badge #3303. phillips expressed his disagreement in being asked for certain information, as well as providing additional information that was/is pertinent to identifying his property, not being included in the report. During the exchange, Officer Morgan stated that the license plate number, the first piece of information asked for and provided, was not needed on the report because the VIN Number identifies the vehicle. phillips expressed that, with that information, it was/is necessary to provide the remaining information so that a clear understanding of the overall situation could easily be attained, and that he disagreed with the information being excluded from the report. Officer Morgan also stated that the redacted VIN Number on the report was/is a new procedure by the DeKalb Central Records Section, but didn't know why. phillips also expressed that his right to identify his property was/is being violated, among other things, by not including the information provided. On the narrative portion of the report was/is the caption "INITIAL REPORT", indicating that the report could be corrected. Pursuant to 1- 4.4 B. of the DeKalb Police Employee Manual, a supplemental report was/is available for employees' use to supplement an incident report and may be used to finalize an employee's investigative findings or used to document an employee's statement, but was not utilized.

4.18. On 4/18/2018 phillips sent a verified letter/notice to Chief Conroy detailing his dissatisfaction with the behavior of his subordinates which included an affidavit with

the information provided in 4.13 - 4.17 above. Chief Conroy was advised by phillips

of the consequences of negative action and/or inaction regarding the proscribed

initial report. He did not respond, and has yet to do so, thereby he acquiesced to the

course of action his subordinates had taken.

4.19.  On 4/24/2018 phillips retrieved correspondence from Quick Drop at the Wesley

Chapel USPS location. Documents included a declaration of abandonment, which

included the name of the company that had financed his personal/private automobile

in May of 2002, Western Funding, Inc., as first lienholder. Also included in the

documents was another form to disclaim ownership of phillips' personal/private

automobile and a threat to obtain a court order to sell it to obtain towing and storage

fees.

4.20.  On 4/26/2018 phillips returned the second set of original documents (in blank form) to

Quick Drop along with a verified letter/notice and affidavit with attachments

proving "free and clear" ownership of his personal/private automobile, including a

scanned copy of the original sales contract with Star Time Autos marked "PAID" by

Western Funding, Inc., and a scanned copy of the State Of Georgia Certificate Of

Title showing that the first lien/security interest had been released on 11/12/2004 by

Western Funding, Inc. In the affidavit phillips expressed that no one has the right or

authority to declare anything concerning his personal/private automobile because

they don't own it, and he had/has not consented to Quick Drop's behavior, and he had/has not created and distributed a verified document giving anyone permission to grant, convey, transfer, or otherwise dispose of his property. phillips also included a 60-day Interest Accrual Fee Schedule Invoice detailing the interest on the charges for interfering with/violating and restricting his rights.

4.21.  Between 4/26/2018 and 6/1/2018 phillips awaited a response from Chief Conroy, and Conroy failed to do so. On 6/4/2018 phillips sent a letter/notice via registered mail notifying him of the course of action he would take, which was expressed in the previous letter/notice. The correspondence include a Fee Schedule Invoice billed to Group III and also the first 60-day Interest Accrual Fee Schedule detailing the interest on the charges for their participation in violating/interfering with and restricting his rights.

4.22.  Neither defendant has responded to phillips' verified letter/notice(s) mailed to them by registered mail from the beginning to this day, as if no one has the duty or responsibility to do so, thereby showing deliberate indifference to his rights and his property. phillips consistently included an offer for discussion and an offer for additional information, which were also refused/ignored.

## Section VI. CLARIFICATION OF phillips' POSITION (Involvement and Research)

5.  Prior to the events of this case, phillips, through his own personal involvement and research, found certain information pertaining to his personal/private automobile and his personal liberties.

5.1 Misclassification and miscategorization:

a. Prior to the events of this case, phillips found that his personal/private automobile, being registered as a motor vehicle, was being treated as an automobile for hire and not as an automobile or automobile not for hire, and that he was being treated as a driver or for-hire carrier and not a traveler.

b. The misclassification revealed that phillips' personal/private automobile (1997 Ford Ranger, 2.3, 2WD, GVW of less than 5,000 pounds (i.e., approximately 4,400 pounds)) was/is within the weight limit (GVW of less than 10,000 lbs.) to properly be classified as an automobile or automobile not for hire. On a past standard Motor Vehicle Registration receipt (12812417), 2015, the GVW space was left blank, thereby concealing the gross vehicle weight class of his property. The document shows phillips' property classified as "PASSENGER CAR/LIGHT TRUCKS" when it is truly in the class of a non-passenger automobile/pickup truck. The document shows phillips' property not for farm use, but does not state the true use of it, which is personal/private use or not for hire. The document also shows that phillips property is not categorized as equipment, that space was also left blank. (See Exhibit "C")

c. phillips used his personal/private automobile for personal business, personal transportation, and personal pleasure or recreation. The primary use was to travel to and from "handyman" jobs, a necessity pursuant to his livelihood, which is his personal business. This use would properly classify it as an automobile or automobile

not for hire, unlike the use for commercial purposes, where compensation is received as

a result of using the highways as a place of business, then properly classifying it as

an automobile for hire or motor vehicle. phillips has never used his personal/private

automobile as an automobile for hire which would then properly classify it as a motor

vehicle, even though it is within the weight limit of a vehicle classified as an

automobile. The gross vehicle weight and use of it is the contextual distinction.

    d. The misclassification and miscategorization also revealed that certain State law, in these

       areas, is contrary to Federal/Public Law, thereby contrary to the Constitution.

    e. The misclassification and miscategorization subsequently spills over into the bill of

       rights, abrogating rights secured or protected by the Constitution, including the

       unenumerated unconditional personal right to travel freely or uninterrupted on the

       highways and instrumentalities of the state, which is assertable against government and

       private interference.

6. Inapplicability:

    a. phillips found that the Motor Vehicle Code and related laws in the State of Georgia

       truly do not apply to personal/private automobiles or automobiles not for hire. To date,

       phillips has not found the terms automobile, automobile not for hire, and automobile for

       hire defined and/or classified anywhere in Georgia's Motor Vehicle Code, and are

       excluded from the statutory definitions within that code section, as is the terms non-

       passenger automobile, pickup truck, and light truck. The exclusion of these terms reveal

the true relationship to that code section, "N/A" and/or "EXEMPT". The title of the code itself shows that the code section applies to motor vehicles and not phillips' personal/private automobile not for hire, or any other vehicle in the same weight and use classes. Concealment of the true classification of phillips' personal/private automobile, deprived him of equal protection of the law, the right to hold personal property, as well as the full and equal benefit of all the laws and proceedings for the security of persons and property. Statutory definitions in the Motor Vehicle Code don't apply to phillips' vehicle, but the definitions that apply to phillips' personal/private automobile are found in both 49 U.S.C. and 49 C.F.R.

b. phillips found that an automobile acquired for personal, family, or household purposes is categorized as a consumer good; classified as household effects; not subject to a license fee or tax. phillips cannot be forced to pay a license fee or tax to exercise the right(s), secured or protected by the Constitution, to use his own property as he sees fit so long as he does not interfere with the rights of others.

c. Observation of the effect(s) of a license fee or tax applied to a personal/private automobile or automobile not for hire:

(1) transmuting private property into public property without the owner/possessor's knowledge

(2) treating it as a public utility without the owner/possessor's knowledge

(3) treating it as an automobile for hire or motor vehicle, rather than a personal/private automobile or automobile not for hire

(4) treating the owner/possessor as a driver and for-hire carrier, or common carrier, rather than a traveler

(5) presumed voluntary and unknowing waiver of a liberty/right(s), of the owner/possessor, secured or protected by the federal Constitution and laws, in exchange for some presumed privilege or license

(6) subjecting the owner/possessor and his property to imposed conditions beyond his/her control (e.g., contract of adhesion, oppression, fraud, malice)

(6.1) A license fee or tax classifies a right(s) guaranteed by the Constitution; takes private property for public use without just compensation, without full disclosure and transparency, which may be construed as actionable fraud and corruption. The public use aspect consists of a revenue stream(s) created by the State when the owner/possessor (i.e., consumer) pays the license fee or tax, some automatic and others potential, subjecting the owner/possessor to fee or tax increases, driver's license fees, emissions fees, forced insurance premiums, potential late registration fees per occurrence, potential traffic citation or moving violation fees/fines per occurrence, potential court fees/fines, potential bail bonding fees, potential probation fees/fines, potential replacement fees per occurrence to replace a license plate, potential additional fees for a special license or license plate ....., etc. Subsequently,

the State collects taxes from insurance companies insuring all classes of vehicles,

from businesses who may be involved in a process of criminal prosecution, and from

businesses in the recovery industry who charge fees for towing, storage, etc.

Meanwhile, the owner/possessor or user receives no compensation, and receives no

benefit where public safety, health, and welfare (morals) is not the true objective of

the   license or license plate, but revenue instead.

7. Course of action and government misconduct:

Based upon personal research findings, phillips sought an alternative to a state license or

license plate and, on 6/20/2016, purchased a private plate (no expiration) online from

the United States of America Department of Travel which included Title #031P9565

recorded at the location in Washington, D.C. The title also had/has the plate number

on it, 3749265.  On 2/21/2017 the plate and personal/private documents were

seized/stolen (no warrant, no probable cause, and no hearing) by Villa Rica Police

Department. Carroll County State Court refused to grant phillips' motion to return his

property while that case was being prosecuted.

8. The T-158:

Form T- 158 is a government form to cancel and return a vehicle license or license

plate. The title of the form is "REPORT OF AND/OR SURRENDOR OF GEORGIA

LICENSE PLATE". phillips used this form on 4/21/2017 to cancel the license and

return the license plate back to the owner, the State. (See Exhibit "D") The title itself

reveals there was a license purchased through a license fee or tax. When an owner/possessor pays the license fee or tax, his/her property is then marked or "tagged" for proscription with the State as an interested party and, in effect, leasing to the owner/possessor his/her own property in one year increments, similar to an apartment lease. At that point, the owner/possessor is subjected to the oppressive elements listed above in 2. c. and, by presumption, waiving his/her right to use it as he/she sees fit absent interfering with the rights of others. The police powers of the State is limited to the health, safety, welfare (morals) of the people. A State license or license plate is irrelevant to these factors and is an unessential appendage to the owner/possessor's personal/private automobile or automobile not for hire.

9.  Property Interest:

    a.  phillips owns his personal/private automobile "free and clear".

    b.  No one has come forth and expressed any legitimate interest in said property.

    c.  phillips had/has not created any verified documentation giving anyone Power of Attorney or permission to do any thing concerning his personal/private automobile or otherwise dispose of it. No one can grant or convey what he does not own.

10. Actionable Fraud & Corruption:

    It is clear that the requirement of a State license or license plate for a personal/private automobile not for hire, is rooted in widespread actionable fraud and corruption, having the effect of law. The defendant(s), both government and private, are willfully

perpetuating the actionable fraud and corruption while acting under color of state law. phillips has the right to be free from being subjected to actionable fraud and corruption in any event, and the illegitimate consequences for exercising his right(s) to be free to remove himself and his property from it.

## Section VII. NON-WAIVER OF RIGHT(S)

11. Neither defendant in this matter received a verified statement in writing from phillips disclaiming or waiving any right(s), constitutional or otherwise. All presumptions are false.

## Section VIII. INADEQUATE SUPERVISION AND NEEDED POLICY

12. DeKalb, County of, executes a policy or custom of inadequate supervision for its employees within its Police Department by not implementing an oversight policy to ensure officers are abiding by their oaths; recognizing and considering the federal Constitution and laws when deciding a proper course of action. Giving consideration to these areas and comparing them to the same areas on the state level would result in more prudent officers being able to pinpoint a course of action that would or would not violate the federal Constitution and laws as well as an individual's rights secured or protected by them. Police officers' sworn oath and their first duty are to uphold the federal Constitution, then only the law of the state which too is bound by the charter.

(12.1) DeKalb, County of, needs to implement a policy for its officers to apply the actual information derived from the questions they ask during the brief incident "investigations" they conduct, rather than mishandling that information and creating his/her own narrative based upon what he/she thinks the true situation is. According to Officer Morgan's statement, on 4/11/2018, this is correct protocol, which may be construed as standard operating procedure, thereby revealing a history of mishandling information and the situation at hand. DeKalb, County of, also needs to implement a policy for its officers, in the same or similar situations as in the instant case, to ask the individual if the perpetrator had obtained a warrant stating the property to be seized and if there had been a meaningful hearing prior to depriving the individual of his/her property. phillips was not asked these questions during the brief "investigation" conducted by Officer Harris. This particular information, included in an incident report, would signal its police officers that a conversion has taken place and he/she could reduce the probability of interfering with due process and assuming a position of liability for subsequent and/or additional violations.

13. The execution of a policy or custom of inaction in these areas was/is a show of deliberate indifference to the fact that failure to correct inadequate supervision and failure to implement needed policy to yield accurate reports would lead to [and be] the proximate cause of Group III assuming a position of liability for interfering with due process; depriving phillips of equal protection of the law; depriving phillips of the full

and equal benefit of all the laws and proceedings for the security of person and property; subsequently assuming the position of accessory after the fact to the interference with/violation of and restriction of phillips constitutional right(s) to be free to choose; to be secure in his effects against unreasonable seizures; to have due process; to have equal protection of the law; to have life; to have liberty; to have and hold property. This policy or custom of inaction was/is the proximate cause of Group III not only assuming a position of liability for those constitutional violations, but also accessory after the fact to conversion, conspiracy to deprive rights, and the interference with/violation of and restriction of phillips' right(s) pursuant to his life, liberty, and property interest(s) to include the right to be free to self-govern; to self-identify; to choose a lawful vocation and pursue it to provide for himself economically; to travel by his choice of mode of conveyance; to use his own property as he sees fit so long as he does not interfere with the rights of another flesh- and-blood living being; to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all; to properly classify his own property; to protect his own property from trespassers.

14. Failure to correct a policy or custom of inaction, is highly probable to be the proximate cause of future injury to anyone the Police Department's employees come into contact with under the same or similar circumstances.

# COUNTS

## Section IX. COUNTS PER PERSON

15. Counts for violation of phillips' constitutional right(s) to choose; to be secure in his effects against unreasonable seizures; to have due process; to have equal protection of the law; to have life; to have liberty; to have and hold property, proximately causing deprivation of phillips' right(s) pursuant to his life, liberty, and property interests in two categories:

Category #1 — Interfering with/violating right(s)

Category #2 — Restricting right(s)

(position of liability and clarification of stated rights in parenthesis)

i. The Life Property Management Services, LLC (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)

   I. Life Interest — 4

   a. interfering with/violating the right of a Sovereign Principal to govern himself

   b. restricting the right of a Sovereign Principal to govern himself

      (phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

   c. interfering with/violating the right of a Sovereign Principal to self-identify

   d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful

vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and

pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a

'handyman' without interference from any source whatever, while using his own

personal/private automobile, not for hire, but to pursue his livelihood and other

personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by

his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of

mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he

travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a

fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

(phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify

his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

ii. <u>Tonya Carter, Agent (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

iii. 3321 Peppertree Circle Decatur LLC, Owner (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

iv. <u>Registered Agents Inc, Registered Agent (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his

property through an agency other than a de facto and fraudulent State agency, if

he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable

fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify

his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the

State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

v. <u>REGISTERED AGENTS INC., Registered Agent (Conversioner and conspirator
to deprive rights with Group II and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

   (phillips has the right to be free to conduct his own life without interference, not

   being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

   (phillips has the right to be free, by his actions, to identify himself as a private

   person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful

   vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and

   pursue it to provide for himself economically

   (phillips has the right to be free to pursue a livelihood independently as a

   'handyman' without interference from any source whatever, while using his own

   personal/private automobile, not for hire, but to pursue his livelihood and other

   personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by

   his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of

   mode of conveyance, which is by personal/private automobile

   (phillips has the right to be free to choose and use his own means by which he

   travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a

   fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

   (phillips has the right to be free to remove himself from a system of actionable fraud

   and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own

   property as he sees fit so long as he does not interfere with the rights of another

   flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees

   fit so long as he does not interfere with the rights of another flesh-and-blood

   living being

   (phillips has the right to be free to possess and peacefully use his own property as

   he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

vii. <u>NORTHWEST REGISTERED AGENT, LLC., Registered Agent (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful

vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and

pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a

'handyman' without interference from any source whatever, while using his own

personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile (phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

viii. Bill Havre, CEO (Conversioner and conspirator to deprive rights with Group II and Jeffrey L. Mann, Esq.)

   I. Life Interest — 4

   a. interfering with/violating the right of a Sovereign Principal to govern himself

   b. restricting the right of a Sovereign Principal to govern himself

   (phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

   c. interfering with/violating the right of a Sovereign Principal to self-identify

   d. restricting the right of a Sovereign Principal to self-identify

   (phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

   II. Liberty Interest — 6

   a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and

   pursue it to provide for himself economically

   (phillips has the right to be free to pursue a livelihood independently as a

   'handyman' without interference from any source whatever, while using his own

   personal/private automobile, not for hire, but to pursue his livelihood and other

   personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by

   his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of

   mode of conveyance, which is by personal/private automobile

   (phillips has the right to be free to choose and use his own means by which he

   travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a

   fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

   (phillips has the right to be free to remove himself from a system of actionable fraud

   and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own

   property as he sees fit so long as he does not interfere with the rights of another

flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees
fit so long as he does not interfere with the rights of another flesh-and-blood
living being

(phillips has the right to be free to possess and peacefully use his own property as
he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative
to register his property through an agency other than a de facto and fraudulent
State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his
property through an agency other than a de facto and fraudulent State agency, if
he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable
fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify
his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the
State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

ix. <u>QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC. (Conversioner
and conspirator to deprive rights with Group I and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

(phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own
property as he sees fit so long as he does not interfere with the rights of another
flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees
fit so long as he does not interfere with the rights of another flesh-and-blood
living being

(phillips has the right to be free to possess and peacefully use his own property as
he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative
to register his property through an agency other than a de facto and fraudulent
State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his
property through an agency other than a de facto and fraudulent State agency, if
he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable
fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify
his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the

State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

x. Tenesha Thomas, Registered Agent (Conversioner and conspirator to deprive rights with Group I and Jeffrey L. Mann, Esq.)

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

(phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify

his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

xi. JOHN DOE, Tow Truck Driver (Conversioner and conspirator to deprive rights with Group I and Jeffrey L. Mann, Esq.)

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful

vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and

pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a

'handyman' without interference from any source whatever, while using his own

personal/private automobile, not for hire, but to pursue his livelihood and other

personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by

his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of

mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he

travels for personal/private transportation, business, or  recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a

fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

xii. <u>Curtis McMurray, CEO (Conversioner and conspirator to deprive rights with Group I and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself (phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a
fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system
(phillips has the right to be free to remove himself from a system of actionable fraud
and corruption, with impunity)

III. Property Interest –– 8

a. interfering with/violating the right of a Sovereign Principal to use his own
property as he sees fit so long as he does not interfere with the rights of another
flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees
fit so long as he does not interfere with the rights of another flesh-and-blood
living being

(phillips has the right to be free to possess and peacefully use his own property as
he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative
to register his property through an agency other than a de facto and fraudulent
State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his
property through an agency other than a de facto and fraudulent State agency, if
he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

xiii. Jeffrey L. Mann, Esq., Sheriff (Accessory before & after the fact to conversion and conspirator to deprive rights with Group I and Group II)

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own personal/private automobile, not for hire, but to pursue his livelihood and other personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his

property through an agency other than a de facto and fraudulent State agency, if

he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable

fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify

his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the

State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

xiv. <u>DEKALB, COUNTY</u> of (Interfering with due process, denying equal protection of the law, denying full benefit of all the law and proceedings for security of person and property, accessory after the fact to conversion and conspiracy to deprive rights by Group I, Group II, and Jeffrey L. Mann, Esq.)

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and pursue it to provide for himself economically

(phillips has the right to be free to pursue a livelihood independently as a 'handyman' without interference from any source whatever, while using his own

personal/private automobile, not for hire, but to pursue his livelihood and other
personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by
his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of
mode of conveyance, which is by personal/private automobile

(phillips has the right to be free to choose and use his own means by which he
travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a
fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

(phillips has the right to be free to remove himself from a system of actionable fraud
and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own
property as he sees fit so long as he does not interfere with the rights of another
flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees
fit so long as he does not interfere with the rights of another flesh-and-blood
living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

xv. <u>James W. Conroy, Police Chief (Interfering with due process, denying equal
protection of the law, denying full benefit of all the law and proceedings for
security of person and property, accessory after the fact to conversion and
conspiracy to deprive rights by Group I, Group II, and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful

vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and
   pursue it to provide for himself economically

   (phillips has the right to be free to pursue a livelihood independently as a
   'handyman' without interference from any source whatever, while using his own
   personal/private automobile, not for hire, but to pursue his livelihood and other
   personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by
   his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of
   mode of conveyance, which is by personal/private automobile

   (phillips has the right to be free to choose and use his own means by which he
   travels for personal/private transportation, business, or  recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a
   fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

   (phillips has the right to be free to remove himself from a system of actionable fraud
   and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own
   property as he sees fit so long as he does not interfere with the rights of another

flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees
fit so long as he does not interfere with the rights of another flesh-and-blood
living being

(phillips has the right to be free to possess and peacefully use his own property as
he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative
to register his property through an agency other than a de facto and fraudulent
State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his
property through an agency other than a de facto and fraudulent State agency, if
he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable
fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify
his own property

f. restricting the right of a Sovereign Principal to properly classify his own property
(phillips has the right to be free to reject misclassification of his property by the
State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

xvi. <u>Officer Morgan, South Precinct (Interfering with due process, denying equal
protection of the law, denying full benefit of all the law and proceedings for
security of person and property, accessory after the fact to conversion and
conspiracy to deprive rights by Group I, Group II, and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

d. restricting the right of a Sovereign Principal to self-identify

(phillips has the right to be free, by his actions, to identify himself as a private

person, with impunity)

II. Liberty Interest — 6

a. interfering with/violating the right of a Sovereign Principal to choose a lawful
   vocation and pursue it to provide for himself economically

b. restricting the right of a Sovereign Principal to choose a lawful vocation and
   pursue it to provide for himself economically

   (phillips has the right to be free to pursue a livelihood independently as a
   'handyman' without interference from any source whatever, while using his own
   personal/private automobile, not for hire, but to pursue his livelihood and other
   personal/private purposes, with impunity)

c. interfering with/violating the right of a Sovereign Principal to travel freely by
   his choice of mode of conveyance, which is by personal/private automobile

d. restricting the right of a Sovereign Principal to travel freely by his choice of
   mode of conveyance, which is by personal/private automobile

   (phillips has the right to be free to choose and use his own means by which he
   travels for personal/private transportation, business, or recreation, with impunity)

e. interfering with/violating the right of a Sovereign Principal not to participate in a
   fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system

   (phillips has the right to be free to remove himself from a system of actionable fraud
   and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property

(phillips has the right to be free to reject misclassification of his property by the

State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own

property by trespassing upon said property where "NO TRESPASSING" is/was

clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by

trespassing upon said property where "NO TRESPASSING" is/was clearly

posted

(phillips has the right to be free to inform conversioners, with his own signage,

that the true owner has right of possession of his own property, with impunity)

xvii. <u>Officer Harris, Badge #3303 South Precinct (Interfering with due process, denying
equal protection of the law, denying full benefit of all the law and proceedings for
security of person and property, accessory after the fact to conversion and
conspiracy to deprive rights by Group I, Group II, and Jeffrey L. Mann, Esq.)</u>

I. Life Interest — 4

a. interfering with/violating the right of a Sovereign Principal to govern himself

b. restricting the right of a Sovereign Principal to govern himself

(phillips has the right to be free to conduct his own life without interference, not

being subject to another, government or private, with impunity)

c. interfering with/violating the right of a Sovereign Principal to self-identify

    d. restricting the right of a Sovereign Principal to self-identify

      (phillips has the right to be free, by his actions, to identify himself as a private

      person, with impunity)

II. Liberty Interest — 6

    a. interfering with/violating the right of a Sovereign Principal to choose a lawful

      vocation and pursue it to provide for himself economically

    b. restricting the right of a Sovereign Principal to choose a lawful vocation and

      pursue it to provide for himself economically

      (phillips has the right to be free to pursue a livelihood independently as a

      'handyman' without interference from any source whatever, while using his own

      personal/private automobile, not for hire, but to pursue his livelihood and other

      personal/private purposes, with impunity)

    c. interfering with/violating the right of a Sovereign Principal to travel freely by

      his choice of mode of conveyance, which is by personal/private automobile

    d. restricting the right of a Sovereign Principal to travel freely by his choice of

      mode of conveyance, which is by personal/private automobile

      (phillips has the right to be free to choose and use his own means by which he

      travels for personal/private transportation, business, or  recreation, with impunity)

    e. interfering with/violating the right of a Sovereign Principal not to participate in a

      fraudulent system

f. restricting the right of a Sovereign Principal not to participate in a fraudulent system (phillips has the right to be free to remove himself from a system of actionable fraud and corruption, with impunity)

III. Property Interest — 8

a. interfering with/violating the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

b. restricting the right of a Sovereign Principal to use his own property as he sees fit so long as he does not interfere with the rights of another flesh-and-blood living being

(phillips has the right to be free to possess and peacefully use his own property as he sees fit, absent interfering with rights of others, with impunity)

c. interfering with/violating the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

d. restricting the right of a Sovereign Principal to use an alternative to register his property through an agency other than a de facto and fraudulent State agency, if he chooses to do so at all

(phillips has the right to be free to remove his property from a system of actionable fraud and corruption, with impunity)

e. interfering with/violating the right of a Sovereign Principal to properly classify his own property

f. restricting the right of a Sovereign Principal to properly classify his own property (phillips has the right to be free to reject misclassification of his property by the State and create a simple means of correct classification, with impunity)

g. interfering with/violating the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

h. restricting the right of a Sovereign Principal to protect his own property by trespassing upon said property where "NO TRESPASSING" is/was clearly posted

(phillips has the right to be free to inform conversioners, with his own signage, that the true owner has right of possession of his own property, with impunity)

## RELIEF

**Section X. DEMAND**

16. phillips seeks judgment in his favor for damages, payable in digital currency/credit, including interest, or the equivalent in property of acceptable condition, pursuant to phillips personal fee schedule[1].

17. Assess punitive damages in the amount of $10,000 per day per defendant, except DeKalb, County of, for further deprivation of phillips' rights (See Section IX above)

and refusing to return his property. This has continued for 718 consecutive days (as of date of filing complaint), and counting, while neither defendant has responded to phillips' offers for discussion for the same time period. This inaction and show of deliberate indifference has denied phillips a viable opportunity to mitigate damages.

(a)  Assess punitive damages in the amount of $10,000 per count each upon Jeffrey L. Mann, James W. Conroy, Officer Morgan, and Officer Harris for false swearing. These officers violated their oaths to the Constitution of the United States.

18.  Defendants pay equal portions for all court costs, fees, taxes, and any other expenses incurred from the date of filing complaint to the date of judgment, and thereafter if applicable.

19.  Defendants, The Life and Quick Drop, immediately return phillips' property back to his possession, in statu quo.

---

[1]**Table of Fees/Damages, Interest, and Punitive Damages (See Exhibit "E")**
Note: Interest accrued at 1/2% compounded daily as of date of filing complaint. Interest during litigation accrues at 1% per day, not included here for uncertainty of duration. A working schedule exists.

**Group I**
i.  The Life Property Management Services, LLC
    Fees/Damages:
    Tortfeasor; $333,000
    Occurrences/Counts; $225,000 x 18 = $4,050,000
    Total Fees/Damages: $4,383,000
    Interest: $134,564,989.74
    Total Fees/Damages & Interest: $138,947,989.74

Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

ii. Tonya Carter, Agent
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

iii. 3321 Peppertree Circle Decatur LLC, Owner
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

iv. Registered Agents Inc, Registered Agent
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

v.  REGISTERED AGENTS INC., Registered Agent
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

vi.  REGISTERED AGENTS INC
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

vii.  NORTHWEST REGISTERED AGENT, LLC., Registered Agent
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

viii.  Bill Havre, CEO
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74

Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

## Group II

ix. QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC.
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

x. Tenesha Thomas, Registered Agent
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

xi. JOHN DOE, Tow Truck Driver
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

xii.  Curtis McMurray, CEO
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

## County

xiii.  DEKALB, COUNTY of (Principal of County Police Dept. and its employees/agents)
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $128,465,823.32
Total Fees/Damages & Interest: $132,848,823.32
Punitive Damages: N/A
Ratio to Fees/Damages: N/A
Ratio to Fees/Damages & Interest: N/A

## Sheriff

xiv.  Jeffrey L. Mann, Esq., Dekalb County Sheriff
Fees/Damages:
Tortfeasor - $333,000
Occurrences/Counts - $225,000 x 18 = $4,050,000
Total Fees/Damages: $4,383,000
Interest - $134,564,989.74
Total Fees/Damages & Interest: $138,947,989.74
Punitive Damages: $10,000 x 718 = $7,180,000 + $180,000 civil penalty ($7,360,000)
Ratio to Fees/Damages: 1.68:1
Ratio to Fees/Damages & Interest: .053:1

**Group III**

   xv.  James W. Conroy, Dekalb County Police Chief
       Fees/Damages:
       Tortfeasor - $333,000
       Occurrences/Counts - $225,000 x 18 = $4,050,000
       Total Fees/Damages: $4,383,000
       Interest - $128,465,823.32
       Total Fees/Damages & Interest: $132,848,823.32
       Punitive Damages: $10,000 x 718 = $7,180,000 + $180,000 civil penalty ($7,360,000)
       Ratio to Fees/Damages: .1.68:1
       Ratio to Fees/Damages & Interest: .55:1

   xvi.  Officer Morgan, Sergeant South Precinct
       Fees/Damages:
       Tortfeasor - $333,000
       Occurrences/Counts - $225,000 x 18 = $4,050,000
       Total Fees/Damages: $4,383,000
       Interest - $128,465,823.32
       Total Fees/Damages & Interest: $132,848,823.32
       Punitive Damages: $10,000 x 718 = $7,180,000 + $180,000 civil penalty ($7,360,000)
       Ratio to Fees/Damages: .1.68:1
       Ratio to Fees/Damages & Interest: .55:1

   xvii. Officer Harris, Badge #3303 South Precinct
       Fees/Damages:
       Tortfeasor - $333,000
       Occurrences/Counts - $225,000 x 18 = $4,050,000
       Total Fees/Damages: $4,383,000
       Interest - $128,465,823.32
       Total Fees/Damages & Interest: $132,848,823.32
       Punitive Damages: $10,000 x 718 = $7,180,000 + $180,000 civil penalty ($7,360,000)
       Ratio to Fees/Damages: .1.68:1
       Ratio to Fees/Damages & Interest: .55:1

## BASIS OF RELIEF

### Section XI. Liability, Vindication, Fees/Damages & Interest, Punitive Damages

### A. Defendant(s) Liability

(1) Government — Individual state actors named in this complaint violated their oaths, the Constitution and phillips' rights, both directly and indirectly, including a supervisor, a chief, and a sheriff while acting in their official capacities. They should have known their actions would deprive phillips of his rights.

(2) Private — The private persons in this case should have known they were performing a public function(s) traditionally reserved to the State while executing encouraged use of State authority abusively.

### B. Vindication of deprivation:

phillips has the personal right(s), pursuant to his life, liberty, and property interests, to be free to create, institute, implement, apply, and enforce his own personal fee schedule to establish suitable and necessary remedy for the vindication of a right(s) that he has been deprived of or that have been violated, and to pursue enforcement and execution in the courts of original jurisdiction, if necessary. phillips is aware of the fact that certain law(s) provide protection but are deficient in the provisions necessary to furnish suitable damages remedies and punish offenses against law when that protection has been breached. For the amount of damages is not expressed in the provisions of those laws. The persons named in this complaint, as defendants, have incurred and accrued personal

debts for causing injury to phillips in his rights secured or protected by the Constitution and laws of the United States. Personal debts have no particular locality, and actions to enforce them may be brought anywhere.

## C. Fees/Damages and Interest:

Fees/damages and interest are based upon phillips personal Claim of Rights and Fee Schedule instituted on 9/7/2017, the letter/notice(s) with initial Fee Schedule Invoice/Bill(s), and subsequent letter/notice(s) with 60-day Interest Accrual Fee Schedule Invoice/Bill(s) mailed to defendants for those intervals via registered mail. The defendants, except for DeKalb County Police Chief and officers, were initially invoiced/billed on 3/23/2018 with a seven-day window to return phillips' property and settle their debts for the damage done. DeKalb County Police Officers were initially invoiced/billed on 6/1/2018, which was issued on 6/4/2018 (Note: a clerical error exists in the invoices sent to Chief Conroy, i.e. Officer Morgan's rank is Sergeant and not Lieutenant).

## D. Punitive damages of $10,000 per day per defendant for continued deprivation(s) and $10,000 per count civil penalty for each public servant's false swearing:

(1) phillips has been deprived of his rights (See Section IX) and his own property and the use of it daily since 3/5/2018 as a result of conversion, for Quick Drop and its agents is the last known to have possession of it, with larcenous and extortive intentions. A separate violation(s) occurs each day the deprivation(s) continues. The total number of

days elapsed, up to the date of filing complaint, is 718 days. All defendants have silently acquiesced to the claims expressed in the verified letter/notice(s) mailed to them as well as the charges for damages in the Fee Schedule Invoices and, by their silence, have also consistently refused offers for discussion and offers to provide additional information, if needed. Refusing offers for discussion deprived phillips of the opportunity to mitigate damages.

(2) Violation of an oath (false swearing) by a public servant amounts to a breach of fiduciary duty and/or trust. phillips has the right to be free to expect public servants to abide by their oath(s) and fiduciary duty. A civil penalty for each count is a suitable amount in this instance for depriving phillips of that right of expectancy and contributing to the deprivation of his personal liberties secured or protected by the Constitution and laws of the United States.

(3) The amount of punitive damages is less than 2:1 ratio compared to fees/damages and less than 1:1 ratio compared to fees/damages and interest calculated by phillips' personal Fee Schedule.

## SECTION XII. Application of Law

## E. Applicable Law to Recover Damages:

(1) 28 U.S.C. §1343(a)(1), (2), (4)

(2) 42 U.S.C. §1985(3)

## F. Defending assault:

phillips' individual sovereignty and/or rights was/is under assault, and he has the right

and the duty to be free to do whatever he see's fit to protect his individual sovereignty

and/or rights which is indeed his personal/private property. phillips' individual

sovereignty and/or rights are by endowment of YHWH, the Creator of all, and when

public and/or private encroachment invade these original and permanent rights, it is the

duty of the courts to so declare, and to afford the necessary relief phillips seeks.

**Table of Authorities by Applicable Section**

Document Properties
    Type; Format — LR 5.1 C., NDGA
    (1); computer processed
    (2); double spaced between lines
    (3); Times New Roman 14 point
    Margins — LR 5.1 D., NDGA; 1 1/2 inch top; 1inch left
    Numbering — LR 5.1 E., NDGA

Section I.  VENUE
      LR 3.1 B. (3), NDGA

Section II. JURISDICTION & BASIS
      28 U.S.C. §1331; U.S. Const. amends. I, IV, IX, XIV; 42 U.S.C. §§1981(a), (c); 1982; 1985(3)

Section III. PARTIES TO COMPLAINT

Section IV. ACTING UNDER COLOR OF STATE LAW
    4. Determining factors
    a. Group I —
      *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)
      https://casetext.com/case/jackson-v-metropolitan-edison-co
      *West v. Atkins*, 487 U.S. 42, 49 (1988)
      https://www.loc.gov/item/usrep487042/
      https://cdn.loc.gov/service/ll/usrep/usrep487/usrep487042/usrep487042.pdf
      (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941), p. 28 PDF
      https://www.loc.gov/item/usrep313299/
      https://cdn.loc.gov/service/ll/usrep/usrep313/usrep313299/usrep313299.pdf
    b. Group II —
      *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974), p. 4 PDF;
      https://casetext.com/case/jackson-v-metropolitan-edison-co
      *West v. Atkins*, 487 U.S. 42, 49 (1988), p. 7 PDF
      https://www.loc.gov/item/usrep487042/
      https://cdn.loc.gov/service/ll/usrep/usrep487/usrep487042/usrep487042.pdf
      (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941), p. 28 PDF
    c. Jeffrey L. Mann, Esq., Sheriff—

*Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), p. 1 PDF;
https://casetext.com/case/manders-v-lee-3
*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n.18 (1982), p. 8 PDF;
https://casetext.com/case/lugar-v-edmondson-oil-co
*West v. Atkins,* 487 U.S. 42, 55 (1988), p. 7 PDF quoting *United States v. Classic,*
313 U.S. 299, 326 (1941), p. 28 PDF
https://www.loc.gov/item/usrep487042/
  d. DEKALB, COUNTY OF —
    Committee on Model Civil Jury Instructions Within the Third Circuit,
    *MODEL CIVIL JURY INSTRUCTIONS*, 4.4, ¶ 3 (2010 Edition), p. 53 PDF
    political subdivision of the State is the State
  e. Group III —
    *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n.18 (1982), p. 8 PDF
    https://casetext.com/case/lugar-v-edmondson-oil-co
    *West v. Atkins,* 487 U.S. 42, 55 (1988), p. 7 PDF quoting *United States v. Classic,*
    313 U.S. 299, 326 (1941), p. 28 PDF
    https://www.loc.gov/item/usrep487042/

### FACTS AND BACKGROUND NARRATIVE

Section V. EVENTS

Section VI. CLARIFICATION OF PHILLIPS' POSITION
  5. Misclassification
    a. motor vehicle defined—
      18 U.S.C. § 31 (a)(6), (10), p. 39 PDF
      https://uscode.house.gov/download/download.shtml
      *Compare* O.C.G.A. §40-1-1(33)
      https://advance.lexis.com/documentpage/definitions
      See U.S. Const., Art. VI, Cl. 2
      automobile defined—
      49 U.S.C. §§32901 (a)(3), p. 1426-1427 PDF; 32908 (a)(1), p. 1456 PDF
      https://uscode.house.gov/download/download.shtml
      49 CFR § 523.3(a), p. 88, p. 98 PDF
      https://www.govinfo.gov/app/details/CFR-2011-title49-vol6/CFR-2011-title49-
      vol6-part523
      (Sec. 9, Pub. L. 89-670, 80 Stat. 981 (49 U.S.C. 1657); sec. 301, Pub. L. 94-163, 89
      Stat. 901 (15 U.S.C. 2002); delegation of authority at 41 FR 25015, June 22, 1976)

[42 FR 38362, July 28, 1977, as amended at 43 FR 12013, Mar. 23, 1978; 44 FR 4493, Jan. 2, 1979; 71 FR 17676, Apr. 6, 2006; 74 FR 14449, Mar. 30, 2009] (Pub. L. 116-65 current through Oct. 11, 2019)

Compare O.C.G.A. §40-1-1(automobile excluded; does not apply)

https://advance.lexis.com/documentpage/definitions

See *American Mutual Liability Ins. Co. v. Chaput,* 60 A.2d 118, 120; 95 NH 200 (1948), p. 2 PDF;

https://casetext.com/case/american-mut-c-ins-co-v-chaput

*City of Dayton v. DeBrosse*, 62 Ohio Ct. App. 232, 240 (1939), p. 4 PDF

https://casetext.com/case/city-of-dayton-v-debrosse

Driver defined—

49 CFR § 390.5T, p. 431, p. 440 PDF

https://www.govinfo.gov/content/pkg/CFR-2018-title49-vol5/pdf/CFR-2018-title49-vol5-sec390-5T.pdf

82 FR 5312, Jan. 17, 2017

(Pub. L. 116-65 current through Oct. 11, 2019)

*Compare* O.C.G.A. §40-1-1 (14)

https://advance.lexis.com/documentpage/definitions

See U.S. Const., Art. VI, Cl. 2

b. non-passenger automobile defined—

49 U.S.C. §32901 (a)(17), p. 1428 PDF

https://uscode.house.gov/download/download.shtml

49 CFR § 523.5 (a)(3), p. 89; p. 99 PDF

https://www.govinfo.gov/app/details/CFR-2011-title49-vol6/CFR-2011-title49-vol6-part523

(Sec. 9, Pub. L. 89-670, 80 Stat. 981 ( 49 U.S.C. 1657); sec. 301, Pub. L. 94-163, 89 Stat. 901 ( 15 U.S.C. 2002); delegation of authority at 41 FR 25015, June 22, 1976.) [ 74 FR 14449, Mar. 30, 2009] (Pub. L. 116-65 current through Oct. 11, 2019)

Compare O.C.G.A. §40-1-1 (41) (non-passenger automobile excluded; does not apply); https://advance.lexis.com/documentpage/definitions

Pickup truck defined—

49 CFR §523, p. 87; p. 97 PDF

https://www.govinfo.gov/app/details/CFR-2011-title49-vol6/CFR-2011-title49-vol6-part523

[ 81 FR 74235, Oct. 25, 2016]

Compare O.C.G.A. §40-1-1 (pickup truck excluded; does not apply)

https://advance.lexis.com/documentpage/definitions

Light truck defined—

49 CFR § 523.2, p. 87; p. 97 PDF
https://www.govinfo.gov/app/details/CFR-2011-title49-vol6/CFR-2011-title49-vol6-part523
(Sec. 9, Pub. L. 89-670, 80 Stat. 981 ( 49 U.S.C. 1657); sec. 301, Pub. L. 94-163, 89 Stat. 901 ( 15 U.S.C. 2002); delegation of authority at 41 FR 25015, June 22, 1976.) [ 74 FR 14449, Mar. 30, 2009] (Pub. L. 116-65 current through Oct. 11, 2019)
Compare O.C.G.A. §40-1-1 (light truck excluded; does not apply)
https://advance.lexis.com/documentpage/definitions

   c. *Berberian v. Lussier,* 139 A. 2d 869, 872 (1958), p. 2 PDF;
   https://casetext.com/case/berberian-v-lussier
   *State* v. *Dalton,* 22 R.I. 77, 86, 46 A. 234 (R.I. 1900), pp. 2, 5 PDF
   https://casetext.com/case/state-v-dalton-81
   quoting *People* v. *Gillson,* 109 N.Y. 389, 399-400,16 N.Y. St. Rptr. 185, 17 N.E. 343 (N.Y. 1888), pp. 3, 4 PDF
   https://casetext.com/case/people-v-gillson

   d. *Saenz v. Roe*, 526 U.S. 489, 515 (1999), , p. 27 PDF;
   https://www.loc.gov/item/usrep526489/
   https://cdn.loc.gov/service/ll/usrep/usrep526/usrep526489/usrep526489.pdf
   *Sherar v. Cullen,* 481 F.2d 945 (9th Cir. 1973), p. 2 PDF;
   https://casetext.com/case/sherar-v-cullen
   *State v. Cuypers*, 559 N.W.2d 435, 437 (Minn. Ct. App. 1997), p. 2 PDF
   https://casetext.com/case/state-v-cuypers

   e. *Miranda v. Arizona*, 384 U.S. 436, 491 (1966), p. 56 PDF;
   https://www.loc.gov/item/usrep384436/
   https://cdn.loc.gov/service/ll/usrep/usrep384/usrep384436/usrep384436.pdf
   *Hurtado v. California,* 110 U.S. 516, 557 (1884), p. 22 PDF;
   https://www.loc.gov/item/usrep110516/; https://casetext.com/case/hurtado-v-california
   *State* v. *Dalton,* 22 R.I. 77, 78, 46 A. 234 (R.I. 1900), p. 2 PDF
   https://casetext.com/case/state-v-dalton-81

6. Inapplicability
   a. *City of Dayton v. DeBrosse*, 62 Ohio App. 232, 240 (1939), p. 4 PDF citing
   *Memphis Street Ry.* v. *Crenshaw,* 165 Tenn. 536, 541, 55 S.W.2d 758 (Tenn. 1933) p. 3 PDF
   https://casetext.com/case/city-of-dayton-v-debrosse;
   https://casetext.com/case/memphis-street-ry-v-crenshaw
   *Marin vs. Chenu*, 188 Cal. 734, 736 (Cal. 1922), p. 2 PDF
   https://casetext.com/case/marin-municipal-water-dist-v-chenu

*Hurtado v. California*, 110 U.S. 516, 557 (1884), p. 22 PDF;
https://www.loc.gov/item/usrep110516/
https://cdn.loc.gov/service/ll/usrep/usrep110/usrep110516/usrep110516.pdf
https://casetext.com/case/hurtado-v-california
42 U.S.C §1981(a);
https://uscode.house.gov/download/download.shtml
U.S. Const. amend. XIV

b. *Mallicoat v. Volunteer Finance & Loan Corp.*, 415 S.W.2d 347, 350 (1966);
https://casetext.com/case/mallicoat-v-volunteer-fin-loan-corp
U.C.C. §9-9-102(a)(23);
https://www.law.cornell.edu/ucc/9/9-102
*Arthur v. Morgan*, 112 U.S. 495,497, 5 S. Ct. 241, 28 L. Ed. 825 (1884), p.1 PDF;
https://www.loc.gov/item/usrep112495/
https://cdn.loc.gov/service/ll/usrep/usrep112/usrep112495/usrep112495.pdf
https://casetext.com/case/arthur-v-morgan
*Murdock v. Pennsylvania*, 319 U.S. 105, 114 (1943), p. 10 PDF;
https://www.loc.gov/item/usrep319105/
https://cdn.loc.gov/service/ll/usrep/usrep319/usrep319105/usrep319105.pdf
*Shuttlesworth v. Birmingham*, 394 U.S. 147, 151 (1969), p. 2 PDF;
https://www.loc.gov/item/usrep394147/

c. *Frost & Frost Trucking Co. v. Railroad Comm'n*, 271 U.S. 593-594 (1926), pp. 11-12 PDF;
https://www.loc.gov/item/usrep271583/
https://supreme.justia.com/cases/federal/us/271/583/case.html
*Frost* v. Railroad Commission, 197 Cal. 230 (Cal. 1925)
https://casetext.com/case/frost-v-railroad-commission

7. Course of action and government misconduct

8. The T-158
*Ex parte Dickey,* 144 Cal. 234, 236 (1904), p. 2 PDF;
https://casetext.com/case/ex-parte-dickey
*Murdock v. Pennsylvania*, 319 U.S. 105, 114 (1943), p. 10 PDF
https://www.loc.gov/item/usrep319105/
https://cdn.loc.gov/service/ll/usrep/usrep319/usrep319105/usrep319105.pdf
*J.W. Payne v. Otis Massey Et Al.*, 145 Tex. 237 (Tex. 1946), p. 241 PDF;
https://casetext.com/case/payne-v-massey

9. Property Interest

   *Seymour v. Canandaigua & N. F. R. Co.*, 25 Barb., N.Y., 284, 301;
   https://cite.case.law/barb/25/
   https://cite.case.law/barb/25/284/
   *Saltus v. Everett*, 20 Wend., N.Y., 267, 32 Am. Dec. 541
   https://cite.case.law/wend/20/
   https://cite.case.law/wend/20/267/

10. Fraud & Corruption

    *Sherar v. Cullen,* 481 F.2d 945 (9th Cir. 1973) p. 1 PDF;
    https://casetext.com/case/sherar-v-cullen
    *State v. Cuypers*, 559 N.W.2d 435, 437 (Minn. Ct. App. 1997), p. 2 PDF
    https://casetext.com/case/state-v-cuypers

Section VII. NON-WAIVER OF RIGHT(S)

11. Cf. *Hodges* v. *Easton*, 106 U.S. 408, 412. (1882), p. 3 PDF;
    https://casetext.com/case/hodges-v-easton#p412
    *Patton* v. *United States*, 281 U.S. 276, 309 (1930), p. 12 PDF
    https://casetext.com/case/patton-v-united-states-10#p312
    *Fuentes v. Shevin*, 407 U.S. 67, 95 (1972), p. 14 PDF
    https://casetext.com/case/fuentes-v-shevin

Section VIII. INADEQUATE SUPERVISION & NEEDED POLICY

12. Cf. *Screws* v. *United States*, 325 U.S. 91, 105, 129-130, 133 (1945), pp. 7, 21,
    23 PDF;
    https://casetext.com/case/screws-v-united-states
    *Beck v. City of Pittsburgh*, 89 F.3d 966, 973-974 (3d Cir. 1996), pp. 7-8 PDF;
    https://casetext.com/case/beck-v-city
    *LaChance v. Erickson*, 522 U.S. 262, 266 (1998), p. 2 PDF;
    https://casetext.com/case/lachance-v-erickson#p756
    *Southern R. Co. v. Virginia*, 290 U.S. 190, 199 (1933) , p. 4 PDF;
    https://casetext.com/case/southern-ry-co-v-virginia
    *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996);
    https://www.leagle.com/decision/1996129495f3d119911132
    *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990), pp. 11-12 PDF;
    https://casetext.com/case/andrews-v-city-of-philadelphia
    U.S. Const. amends. IV, XIV

13. *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586
    (3d Cir. 2004)

https://law.justia.com/cases/federal/appellate-courts/F3/372/
https://law.justia.com/cases/federal/appellate-courts/F3/372/572/593396/
(quoting *Stoneking v. Bradford Area* 32 *Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989)
https://openjurist.org/882/f2d/720/stoneking-v-bradford-area-school-district-smith
*Monell v. Department of Social Services of City of New York*, 436 U.S. 694 (1978), pp. 20-21 PDF
https://casetext.com/case/monell-v-department-of-social-services-of-city-of-new-york

14. *Canton v. Harris*, 489 U.S. 378, 396 (1989), pp. 9-10 PDF
https://casetext.com/case/city-of-canton-ohio-v-harris
*Carswell v. Borough of Homestead*, 381 F.3d 29 235, 244 (3d Cir. 2004), p. 8 PDF
https://casetext.com/case/carswell-v-borough-of-homestead
*Brown v. Muhlenberg Township*, 269 F.3d 31 205, 214 (3d Cir. 2001), pp. 7-8 PDF
https://casetext.com/case/brown-v-muhlenberg-tp

Section IX. COUNTS
  15. U.S. Const. amends. I, IV, IX, XIV


  RELIEF
Section X. Demand
      *See* Table of Fees/Damages & Interest
      *See* Personal Fee Schedule


  BASIS OF RELIEF
Section XI. Liability, Vindication, Fees/Damages & Interest, Punitive Damages
  A. Defendant(s) Liability
    *AFL-CIO v. City of Miami, Fla.*, 637 F.3d 1178, 1187 (11th Cir. 2011);
    https://www.courtlistener.com/opinion/213949/american-federation-of-labor-v-city-of-miami-fl/
    *Ashcroft v. Iqbal*, 129 S. Ct. 1948 (2009);
    https://www.leagle.com/decision/insco20090518941
    *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007), pp. 2-3 PDF;
    https://casetext.com/case/mathews-v-crosby-3
    https://www.leagle.com/decision/20071745480f3d126511739
    *Brennan v. Norton*, 350 F.3d 399, 427-28 (3d Cir. 2003), pp. 21-23 PDF;
    https://casetext.com/case/brennan-v-norton
    *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990), pp. 11-12 PDF;
    https://casetext.com/case/andrews-v-city-of-philadelphia
    *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974), p. 4 PDF;

https://casetext.com/case/jackson-v-metropolitan-edison-co
*Screws* v. *United States*, 325 U.S. 91, 129-130 (1945), pp. 20-21 PDF;
https://casetext.com/case/screws-v-united-states
*Fuentes v. Shevin*, 407 U.S. 67, 80-82, 95 (1972), pp. 6-7, 14 PDF;
https://casetext.com/case/fuentes-v-shevin-parham-v-cortese-8212-5039-70-8212-5138#p87
42 U.S.C §1986, p. 1094 PDF
https://uscode.house.gov/download/download.shtml

B. Vindication of Deprivation
Cf. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 150-151 (1969), pp. 4-5 PDF;
https://www.loc.gov/item/usrep394147/
https://cdn.loc.gov/service/ll/usrep/usrep394/usrep394147/usrep394147.pdf
https://casetext.com/case/shuttlesworth-v-birmingham
*Davis v. Wechsler*, 263 U.S. 22, 24 (1923), p. 3 PDF;
https://www.loc.gov/item/usrep263022/ (Library of Congress Periodical)
https://cdn.loc.gov/service/ll/usrep/usrep263/usrep263022/usrep263022.pdf
*Texas N. O. R. Co.* v. *Railway Clerks*, 281 U.S. 548, 569-571 (1930), pp. 7-8 PDF;
https://casetext.com/case/texas-co-v-brotherhood-of-railway-and-steamship-clerks
*Texas Pacific R. Co.* v. *Rigsby*, 241 U.S. 33, 39 (1916), p. 2 PDF;
https://casetext.com/case/texas-pacific-ry-co-v-rigsby#p39
U.S. Const. amends. I, IV, V, IX, XIV
42 U.S.C §§1981(a), (c), p. 1086; 1982, p. 1090; 1985(3), p. 1093-1094 PDF
Debitum;
Debitum et contractus sunt nullius loci.
*Black's Law Dictionary*, 490 (Rev. 4th Ed. 1968); p. 566 PDF
https://www.polskawalczaca.com/library/a.blackslaw4th.pdf

C. Fees/Damages and Interest
*See* Personal Fee Schedule;
cf. *Millett v. Berkeley, City of*, Case No. 00-CV-00638 RWS, E.D. Mo., 2002;
https://ecf.moed.uscourts.gov/doc1/10711215077
*Suzuki v. Small*, 214 App. Div. 541, 556-58, 212 N.Y.S. 589 (1925), pp. 9-10 PDF;
https://casetext.com/case/suzuki-v-small-1
*Boyce et al. v. Brockway et al.*, 31 N.Y. 490, 493 (1865), pp. 1-2 PDF;
https://casetext.com/case/boyce-et-al-v-brockway-et-al
*Debobes v. Butterly*, 210 App. Div. 50, 54-55 (N.Y. App. Div. 1924), p. 3 PDF
https://casetext.com/case/debobes-v-butterly

D. Punitive Damages
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 430 (2003), pp. 9-10 PDF;
https://casetext.com/case/state-farm-mut-automobile-ins-co-v-campbell

*BMW Of North America, Inc. v. Gore*, 517 U.S. 559, 580-583 (1996);
https://www.leagle.com/decision/19961076517us55911059
*Sunday v. Attorney Gen. U.S.*, 832 F.3d 211, 219 (3d Cir. 2016), p. 9 PDF;
https://casetext.com/case/sunday-v-attorney-gen-us
*Smith v. Wade*, 461 U.S. 30, 43-47, 56 (1983), pp. 14-18, 27 PDF;
https://www.loc.gov/item/usrep461030/
https://cdn.loc.gov/service/ll/usrep/usrep461/usrep461030/usrep461030.pdf
*Bennis v. Gable*, 823 F.2d 723, 734 n.14 (3d Cir. 1987), p. 12 PDF;
https://casetext.com/case/bennis-v-gable
*Allah v. Al-Hafeez*, 226 F.3d 247, 250-252 (3d Cir. 2000), pp. 3-5 PDF;
https://www.leagle.com/decision/2000473226f3d2471448
cf. *Millett v. Berkeley, City of*, Case No. 00-CV-00638 RWS, E.D. Mo., 2002;
https://ecf.moed.uscourts.gov/doc1/10711215077
*Screws* v. *United States*, 325 U.S. 91, 105 (1945), p. 7 PDF;
https://casetext.com/case/screws-v-united-states
Civil Penalty:
49 U.S.C., §§114 (u)(2)(A), (B) p. 117; 13906 (b)(7)(B) p. 755, (c)(8)(B)
p. 757; 14905 (a) p. 806; 14915 (a)(1), (2) p. 810; 14916 (c)(1), (2), (d)(1), (2)
p. 812-813; 21303 (a)(2) p. 934; 30165 (a)(1) p. 1180; 31138 (d) p. 1297;
31139 (g) p. 1301; 32709 (a) p. 1422; 32912 (a) p. 1465 PDF
https://uscode.house.gov/download/download.shtml

SECTION XII. Application of law
  E. Applicable Law to Recover Damages
    28 U.S.C. §1343 (a)(1), (2), (4) p. 591 PDF;
    https://uscode.house.gov/download/download.shtml
    42 U.S.C §§1983 p. 1092; 1985 (3) p. 1093-1094
    https://uscode.house.gov/download/download.shtml
    Cf. *Millett v. Berkeley, City of*, Case No. 00-CV-00638 RWS, E.D. Mo., 2002;
    https://ecf.moed.uscourts.gov/doc1/10711215077
    *Texas N. O. R. Co.* v. *Railway Clerks*, 281 U.S. 548, 569-571 (1930), pp. 7-8 PDF;
    https://casetext.com/case/texas-co-v-brotherhood-of-railway-and-steamship-clerks
    *Texas Pacific R. Co.* v. *Rigsby*, 241 U.S. 33, 39 (1916), p. 2 PDF
    https://casetext.com/case/texas-pacific-ry-co-v-rigsby#p39
  F. Defending Assault
    *City of Dallas v. Mitchell*, 245 S.W. 944, 945-946 (Tex. Civ. App. 1922), p. 2 PDF
    https://casetext.com/case/city-of-dallas-v-mitchell-1

EXHIBIT "A"

convictions or sex offender registry does not waive our right to evict you.

**20. PROHIBITED CONDUCT.** You and your occupants or guests may not engage in the following activities: behaving in a loud or obnoxious manner; disturbing or threatening the rights, comfort, health, safety, or convenience of others (including our agents and employees) in or near the apartment community; disrupting our business operations; manufacturing, delivering, possessing with intent to deliver, or otherwise possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; possessing a weapon prohibited by state law; discharging a firearm in the apartment community; displaying or possessing a gun, knife, or other weapon in the common area in a way that may alarm others; storing anything in closets having gas appliances; tampering with utilities or telecommunications; bringing hazardous materials into the apartment community; or injuring our reputation by making bad faith allegations against us to others.

**21. PARKING.** We may regulate the time, manner, and place of parking cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles from the apartment community at your expense under the terms of this Lease Contract or by appropriate statute. A vehicle is unauthorized or illegally parked in the apartment community if it:

(1) has a flat tire or other condition rendering it inoperable; or
(2) is on jacks, blocks or has wheel(s) missing; or
(3) **has no current license or no current inspection sticker**; or
(4) takes up more than one parking space; or
(5) belongs to a resident or occupant who has surrendered or abandoned the apartment; or
(6) is parked in a marked handicap space without the legally required handicap insignia; or
(7) is parked in space marked for manager, staff, or guest at the office; or
(8) blocks another vehicle from exiting; or
(9) is parked in a fire lane or designated "no parking" area; or
(10) is parked in a space marked for other resident(s) or unit(s); or
(11) is parked on the grass, sidewalk, or patio; or
(12) blocks garbage trucks from access to a dumpster.

**22. RELEASE OF RESIDENT.** Unless you're entitled to terminate this Lease Contract under paragraphs 10, 16, 23, 31, or 37, you won't be released from this Lease Contract for any reason—including but not limited to voluntary or involuntary school withdrawal or transfer, voluntary or involuntary job transfer, marriage, separation, divorce, reconciliation, loss of co-residents, loss of employment, bad health, or death.

**23. MILITARY TRANSFER AND LEASE TERMINATIONS.** A resident (including a resident's spouse) who is a service member on active duty or is called to active duty in the regular or the reserve component of the U.S. Armed Forces, U.S. Coast Guard or National Guard, shall have the right to end this Apartment Rental Contract early by giving 30 days written notice, paying all rent due through the notice date, and providing a copy of the official military orders or written verification signed by the service member's commanding officer or by providing base housing orders as provided in OCGA Section 44-7-22, if the service member is:

(1) Ordered to federal duty for a period of 90 days or longer;

(2) Receives a permanent change of station orders to move at least 35 miles away from the rental housing;

(3) Is released from active duty after leasing housing and must move 35 miles or more away from the service member's home of record prior to entering active duty;

(4) After entering into this rental agreement, the service member becomes eligible to live in government quarters or the failure to move to government quarters will result in a forfeiture of the member's basic allowance for housing;

(5) Receives temporary duty orders or temporary change of station orders or state active duty orders for a period exceeding 60 days that is at least 35 miles away from the location of the rental housing; or

(6) Receives orders after signing the lease but before taking possession of the rental housing.

After you deliver to us your written termination notice, the Lease Contract will be terminated under this military clause 30 days after the date on which your next rental payment is due. You must furnish us a copy of your military orders, such as permanent change-of-station orders, call-up orders, or deployment orders or written notification from your commanding officer. Military permission for base housing does not constitute change-of-station order. After you move out, we'll return your security deposit, less lawful deductions. For the purposes of this Lease Contract, orders described in (2) above will only release the resident who qualifies under (1) and (2) above and receives the orders during the Lease Contract term and such resident's spouse or legal dependents living in the resident's household. A co-resident who is not your spouse or dependent cannot terminate under this military clause. Unless you state otherwise in paragraph 10, you represent when signing this Lease Contract that: (1) you do not already have a deployment or change-of-station orders; (2) you will not be retiring from the military during the Lease Contract term; and (3) the term of your enlistment or obligation will not end before the Lease Contract term ends. Even if you are entitled to terminate this Lease Contract under this paragraph, liquidated damages for making a false representation of the above will be the amount of unpaid rent for the remainder of the lease term when and if you move out, less rents from others received in mitigation under paragraph 32. You must immediately notify us if you are called to active duty or receive deployment or permanent change-of-station orders.

**24. RESIDENT SAFETY AND PROPERTY LOSS.** You and all occupants and guests must exercise due care for your own and others' safety and security, especially in the use of smoke detectors, keyed deadbolt locks, keyless bolting devices, window latches, and other safety or security

**BYRON PHILLIPS**

devices. You agree to make every effort to follow the Security Guidelines in this Lease Contract.

**Smoke Detectors.** We'll furnish smoke detectors as required by statute or ordinance, and we'll test them and provide working batteries when you first take possession. After that, you must pay for and replace batteries as needed, unless the law provides otherwise. We may replace dead or missing batteries at your expense, without prior notice to you. You must immediately report smoke detector malfunctions to us. Neither you nor others may disable smoke detectors. If you damage or disable the smoke detector or remove a battery without replacing it with a working battery, you will be liable to us for $100 plus one month's rent, actual damages, and attorney's fees. If you disable or damage the smoke detector, or fail to replace a dead battery or report malfunctions to us, you will be liable to us and others for any loss, damage, or fines from fire, smoke, or water. We both must comply with any local smoke detector ordinances.

**Casualty Loss.** We're not liable to any resident, guest, or occupant for personal injury or damage or loss of personal property from any cause, including but not limited to: fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, interruption of utilities, theft, or vandalism unless otherwise required by law. We have no duty to remove any ice, sleet, or snow but may remove any amount with or without notice. Unless we instruct otherwise, you must—for 24 hours a day during freezing weather—(1) keep the apartment heated to at least 50 degrees; (2) keep cabinet and closet doors open; and (3) drip hot and cold water faucets. You'll be liable for damage to our and others' property if damage is caused by broken water pipes due to your violating these requirements. If you ask our representatives to perform services not contemplated in this Lease Contract, you will indemnify us and hold us harmless from all liability for those services.

**Crime or Emergency.** Dial 911 or immediately call local medical emergency, fire, or police personnel in case of accident, fire, smoke, or suspected criminal activity, or other emergency involving imminent harm. You should then contact our representative. You won't treat any of our security measures as an express or implied warranty of security, or as a guarantee against crime or of reduced risk of crime. Unless otherwise provided by law, we're not liable to you or any guests or occupants for injury, damage, or loss to person or property caused by criminal conduct of other persons, including theft, burglary, assault, vandalism, or other crimes. We're not obliged to furnish security personnel, security lighting, security gates or fences, or other forms of security unless required by statute. We're not responsible for obtaining criminal-history checks on any residents, occupants, guests, or contractors in the apartment community. If you or any occupant or guest is affected by a crime, you must make a written report to our representative and to the appropriate local law-enforcement agency. You also must furnish us with the law-enforcement agency's incident report number upon request.

**25. CONDITION OF THE PREMISES AND ALTERATIONS.** You accept the apartment, fixtures, and furniture as is. We disclaim all implied warranties. You'll be given an Inventory and Condition form on or before move-in. Prior to move-in, you must sign and note on the form all defects or damage and return it to our representative. Otherwise, everything will be considered to be in a clean, safe, and good working condition.

You must use customary diligence in maintaining the apartment and not damaging or littering the common areas. Unless authorized by statute or by us in writing, you must not perform any repairs, painting, wallpapering, carpeting, electrical changes, or otherwise alter our property. No holes or stickers are allowed inside or outside the apartment. But we'll permit a reasonable number of small nail holes for hanging pictures on sheetrock walls and in grooves of wood-paneled walls, unless our rules state otherwise. No water furniture, washing machines, additional phone or TV-cable outlets, alarm systems, or lock changes, additions, or rekeying is permitted unless statutorily allowed or we've consented in writing. You may install a satellite dish or antenna provided you sign our satellite dish or antenna lease addendum which complies with reasonable restrictions allowed by federal law. You agree not to alter, damage, or remove our property, including alarm systems, smoke detectors, furniture, telephone and cable TV wiring, screens, locks, and security devices. When you move in, we'll supply light bulbs for fixtures we furnish, including exterior fixtures operated from inside the apartment; after that, you'll replace them at your expense with bulbs of the same type and wattage. Your improvements to the apartment (whether or not we consent) become ours unless we agree otherwise in writing.

**26. REQUESTS, REPAIRS, AND MALFUNCTIONS.** IF YOU OR ANY OCCUPANT NEEDS TO SEND A NOTICE OR REQUEST—FOR EXAMPLE, FOR REPAIRS, INSTALLATIONS, SERVICES, OR SECURITY-RELATED MATTERS—IT MUST BE SIGNED AND IN WRITING TO OUR DESIGNATED REPRESENTATIVE (except in case of fire, smoke, gas, explosion, overflowing sewage, uncontrollable running water, electrical shorts, or crime in progress). Our written notes on your oral request do not constitute a written request from you.

Our complying with or responding to any oral request regarding security or non-security matters doesn't waive the strict requirement for written notices under this Lease Contract. You must promptly notify us in writing of: water leaks; electrical problems; malfunctioning lights; broken or missing locks or latches; and other conditions that pose a hazard to property, health, or safety. We may change or install utility lines or equipment serving the apartment if the work is done reasonably without substantially increasing your utility costs. We may turn off equipment and interrupt utilities as needed to avoid property damage or to perform work. If utilities malfunction or are damaged by fire, water, or similar cause, you must notify our representative immediately. Air conditioning problems are not emergencies. If air conditioning or other equipment malfunctions, you must notify our representative as soon as possible on a business day. We'll act with customary diligence to make repairs and reconnections. Rent will not abate in whole or in part.

If we believe that fire or catastrophic damage is substantial, or that performance of needed repairs poses a danger to you, we may terminate this Lease Contract within a reasonable time by giving you written notice. If the Lease Contract is so terminated, we'll refund prorated rent and all

EXHIBIT "B"

Saturday, March 17, 2018

From:
byron-wendell:phillips
3308-D Peppertree Circle
Decatur, GA [30034]

To:
DEKALB POLICE CENTRAL RECORDS SECTION
c/o Clerk or Authorized Representative
1960 West Exchange Place 2nd Floor
Tucker, GA  30084

Re: Case #18 - 021076

Dear Sir/Madam,
I reported an auto theft on 3/5/2018 with the DeKalb County Police Department, South
Precinct. I am the owner of said property. I am requesting a copy of the report for
Case #18 - 021076 mailed to me at the above mailing location. Enclosed is a money order for
the minimum fee amount required and an envelope with adequate postage affixed.

Thank you for your assistance in this matter.

Sincerely,
byron-wendell:phillips

non-negotiable autograph, all rights reserved
sui juris

# DEKALB COUNTY POLICE DEPARTMENT
## GA0440200
### INCIDENT REPORT

**Case #:** 18-021076

| Incident Type: | | Counts | Incident Code | Offense Jurisdiction | Arrest Jurisdiction |
|---|---|---|---|---|---|
| 3-6-9 Civil matter | | 1 | Nonc | COUNTY | COUNTY |

**EVENT**

| Premise Type: RESIDENCE | Weapon Type: | | Forcible: | Stranger To Stranger: Y | Hate Motivated: ☐ | Loc Code: 380 |
|---|---|---|---|---|---|---|

| Date Report: 3/5/2018 3:13:33 PM | Incident Start: 3/5/2018 10:00:00 AM | Incident End: 3/5/2018 1:00:00 PM | Incident Location: 3308 PEPPERTREE CIR D DECATUR GA |
|---|---|---|---|

**VICTIM**

| Name (Last, First Middle): PHILIPS, BRYON | Moniker: | DOB: ♦♦♦♦♦♦♦♦♦♦♦♦51 | Age: | Sex: M | Race: B | Ethnicity: |
|---|---|---|---|---|---|---|

| Address: 3308 PEPPERTREE CIR D DECATUR GA 30034- | Home #: | Work #: | Cell #: ♦♦♦♦♦♦♦♦♦♦♦♦♦ | Email: |
|---|---|---|---|---|

| SSN: | Resident Status: | HGT: | WGT: | Hair Color: | Hair Style: | Hair Length: | Eye Color: | OLN #: | State: |
|---|---|---|---|---|---|---|---|---|---|

| Occupation: | Employer: | Address: | Employer Phone: |
|---|---|---|---|

| Victim Type: PERSON/INDIVIDUAL (NOT | Student: Yes ☐ No ☑ | If Yes, Name of Victim's School | LEOKA Activity Type: | LEOKA Assignment Type: |
|---|---|---|---|---|

Injuries: None ☑  Minor ☐  Internal ☐  Teeth ☐  Unconscious ☐  Lacerations ☐  Bones ☐  Other ☐          Used: ☐ Drugs ☐ Alcohol ☐ Computer

SMTs:

| Relationship To Offenders: | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | (6) | (7) | (8) | (9) | (10) |

| Offenses Involved: | (1) Nonc | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | (6) | (7) | (8) | (9) | (10) |

**OFFENDER**

| Name: | Moniker: | DOB: | Age: | Sex: | Race: | Ethnicity: |
|---|---|---|---|---|---|---|

| Address: | Home Phone: | Work Phone: | Cell Phone: | Email: |
|---|---|---|---|---|

| SSN: | Resident Status: | HGT: | WGT: | Hair Color: | Hair Style: | Hair Length: | Eye Color: | OLN #: | State: |
|---|---|---|---|---|---|---|---|---|---|

| Occupation: | Employer: | Address: | Employer Phone: |
|---|---|---|---|

SMTs:

| Offenses Involved: | |
|---|---|
| (1) | (2) |
| (3) | (4) |
| (5) | (6) |
| (7) | (8) |
| (9) | (10) |

| WANTED: ☐ | WARRANT: ☐ | ARREST: ☐ | SUSPECT ARMED: | WEAPON: | Used: ☐ Drugs ☐ Alcohol ☐ Computer |
|---|---|---|---|---|---|

| TOTAL NUMBER ARRESTED: 0 | ARREST AT OR NEAR OFFENSE SCENE: Yes: ☐ No: ☐ |
|---|---|

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC | JEWELRY, PREC. METALS | FURS |
|---|---|---|---|---|
| STOLEN | $0.00 | $0.00 | $0.00 | $0.00 |
| RECOVERED | $0.00 | $0.00 | $0.00 | $0.00 |
| | CLOTHING | OFFICE EQUIP. | TV, RADIO, ETC | HOUSEHOLD GOODS |
| STOLEN | $0.00 | $0.00 | $0.00 | $0.00 |
| RECOVERED | $0.00 | $0.00 | $0.00 | $0.00 |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |
| STOLEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| RECOVERED | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**ADM**

| GCIC ENTRY | ☐ WARRANT | ☐ MISSING PERSONS | ☐ VEHICLE | ☐ ARTICLE | ☐ BOAT | ☐ GUN | ☐ SECURITIES |
|---|---|---|---|---|---|---|---|

**DRUG**

DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG-RELATED? IF YES, PLEASE INDICATE THE TYPE OF DRUG(S) USED BY OFFENDER   ☐ YES ☐ NO
☐ 1 - Amphetamine   ☐ 2 - Barbiturate   ☐ 3 - Cocaine   ☐ 4 - Hallucinogen   ☐ 5 - Heroin
☐ 6 - Marijuana   ☐ 7 - Methamphetamine   ☐ 8 - Opium   ☐ 9 - Synthetic Narcotic   ☐ U - Unknown

**CLEAR**

| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | ☐ CLEARED BY ARREST | ☐ EXCEPTIONALLY CLEARED | ☐ UNFOUNDED | DATE OF CLEARANCE | ☐ ADULT | ☐ JUVENILE |
|---|---|---|---|---|---|---|

| REPORTING OFFICER: Harris d a | NUMBER: 3303 | APPROVING OFFICER: Kitchen d a | NUMBER: 1672 |
|---|---|---|---|



**DEKALB COUNTY POLICE DEPARTMENT**
**GA0440200**
NARRATIVE

| | | | | | |
|---|---|---|---|---|---|
| Officer ID/Name:<br>3303 | Harris d a | Date:<br>3/5/2018 3:16:43 PM | Approving Officer ID/Name:<br>1672 | Kitchen d a | Date:<br>3/5/2018 3:35:18 PM |

| Case #: |
|---|
| 18-021076 |

Title:  INITIAL REPORT

On the listed date and time I responded to 3308 Peppertree Cir (Peppertree Apartments) Apt D in Reference to a dispute call. Upon my arrival I met with the complainant Mr. Bryon Philips who advised that on today's date, property management had his vehicle (white 1997 Ford Ranger, VIN# ██████████████ towed from the parking lot.

Mr. Philips stated that the vehicle did not have a license plate and that management placed a towing warning sticker on the vehicle (on February 22, 2018) for not displaying a license plate. The sticker advised that the vehicle would be towed on November 26, 2018. The vehicle was then towed on today's date between 1000 hours and 1300 hours.

Mr. Philips was given a case number and advised on how to obtain a copy of the report.

3

EXHIBIT "C"

## GEORGIA MVD - RECEIPT (COPY)

## STATE OF GEORGIA
## MOTOR VEHICLE REGISTRATION

1FTCR10A6VUC27632 - 1997 FORD RANGER RANGER  TK

BYRON WENDELL PHILLIPS
1997  FORD  TK
1FTCR10A6VUC27632
770781021431002
0022 04/07/2015  CMT
CASH

| | |
|---|---|
| 2015 TAX PENALTY | 5.00 |
| STANDARD TAG FEE | 20.00 |
| TAG PENALTY | 5.00 |
| 2015 AD VALOREM TAX | 12.68 |
| TOTAL FEES PAID | 42.68 |

PURCH DT: 05/07/2002
REG DT: 04/07/2015

| | | | | |
|---|---|---|---|---|
| Tag Number: | 7218AFT | | Expires: | 04/03/2016 |
| Valuation | 10656V | $280 | Tag Fee: | 20.00 |
| Title Number: | 770781021431002 | | Equip. No: | |
| County: 002 | District: 04 | Mill Rate: 45.2900 | Fuel: | G |
| Farm Vehicle? | N | GVW: | Color: | WHI |
| Classification: | PASSENGER CAR/LIGHT TRUCKS | | | |
| Insurance Status: | VALID INSURANCE COVERAGE | | | |
| Customer 1 No: | 000042589624 | | Customer 2 No: | |

BYRON WENDELL PHILLIPS
PO BOX 360672
DECATUR GA 30036-0672

12812417

Signature:_____

CLAUDIA G. LAWSON
DEKALB COUNTY TAX COMMISSIONER
PO BOX 100025
DECATUR GA 30031-0025
(404) 298-4000

BYRON WENDELL PHILLIPS
1997  FORD  TK
1FTCR10A6VUC27632
770781021431002
0022 04/07/2015  CMT

PURCH DT: 05/07/2002

| | |
|---|---|
| 2015 TAX PENALTY | 5.00 |
| STANDARD TAG FEE | 20.00 |
| TAG PENALTY | 5.00 |
| 2015 AD VALOREM TAX | 12.68 |
| TOTAL FEES PAID | 42.68 |

12812417

## STATE OF GEORGIA
## MOTOR VEHICLE REGISTRATION

1FTCR10A6VUC27632 - 1997 FORD RANGER RANGER  TK

| | | | | |
|---|---|---|---|---|
| Tag Number: | 7218AFT | | Expires: | 04/03/2016 |
| Valuation | 10656V | $280 | Tag Fee: | 20.00 |
| Title Number: | 770781021431002 | | Equip. No: | |
| County: 002 | District: 04 | Mill Rate: 45.2900 | Fuel: | G |
| Farm Vehicle? | N | GVW: | Color: | WHI |
| Classification: | PASSENGER CAR/LIGHT TRUCKS | | | |
| Insurance Status: | VALID INSURANCE COVERAGE | | | |
| Customer 1 No: | 000042589624 | | Customer 2 No: | |

BYRON WENDELL PHILLIPS
PO BOX 360672
DECATUR GA 30036-0672

CASH

THIS IS NOT A BILL
THIS IS YOUR RECEIPT
*** RETAIN FOR TAX PURPOSES ***

Signature:_____

EXHIBIT "D"

## REPORT OF AND/OR SURRENDER OF GEORGIA LICENSE PLATE

| | |
|---|---|
| Company/Person Surrendering License Plate<br><br>**BYRON W PHILLIPS** | **SECTION 1**<br>Reason for Report:  (Check One)<br>( )  License Plate for the vehicle described below surrendered for the reason indicated.  (Check applicable reason in Section 2 below.) |
| Authorized Agent Surrendering License Plate<br><br>**BYRON W PHILLIPS** | ( )  I declare that no tag was on the vehicle described below.  (Check applicable reason in Section 2 below.)<br>(x)  Tag unclaimed by owner, surrendered for cancellation. |
| Mailing Address<br><br>P.O. BOX 360672 | Date of Surrender/Report: ___04/21/2017___ |

| City | State | Zip Code |
|---|---|---|
| DECATUR | GA | 30036 |

### SECTION 2

Georgia Law (O.C.G.A. Section 40-2-20) requires that a license plate be surrendered when a Certificate of Registration is not available for certain categories of vehicles. The vehicle described below is in the category or categories shown: (Check Applicable Categories).

( ) COURT ORDER OR INVOLUNTARY TRANSFER          ( ) SALVAGE (If vehicle owner retains salvage vehicle, owner must surrender license plate.)

( ) REPOSSESSION          ( ) ABANDONED/DERELICT

Illegal use or transfer of a License Plate is a misdemeanor of a high and aggravated nature, punishable by a fine of not less than $500.00 or by confinement for not more than 12 months, or both.

### SECTION 3

#### VEHICLE AND TAG INFORMATION (All Spaces Must Be Completed)
#### DO NOT SURRENDER SPECIAL OR PRESTIGE LICENSE PLATES

| Year, Model & Make of Vehicle<br>1997 FORD RANGER | Manufacturer's ID Number (Complete ID# MUST BE SHOWN CORRECTLY)<br>1FTCR10A6VUC27632 | |
|---|---|---|
| License Plate number and year issued<br>7218 AFT 2016 | Decal Number (If Applicable) | Decal Year<br>2017 |

### SECTION 4

METHOD OF DELIVERY: ( ) MAIL TO STATE          ( ) MAIL TO COUNTY, COUNTY NAME:_____

( ) HAND DELIVERED TO STATE          (x) HAND DELIVERED TO COUNTY, COUNTY NAME: ___DEKALB___

SECTION 5 *without prejudice without recourse*
*byron-weaver's phillips*

**BYRON W PHILLIPS**
(Typed/Printed Name of Person/Representative)  (Date)

*All Rights Reserved*

LICENSE PLATES AND FORM(S) MUST BE MAILED
TO:  COUNTY TAG OFFICE OR
Motor Vehicle Division/Surrendered License Plates
Post Office Box 740381 - Atlanta, Georgia 30374-0381

IF NOT MAILED, LICENSE PLATE AND FORM(S) MUST BE
DELIVERED IN PERSON TO:  COUNTY TAG OFFICE OR
Motor Vehicle Division
4125 Welcome All Rd - Atlanta, Georgia 30349

| COUNTY | **ACKNOWLEDGEMENT OF RECEIPT OF THE ABOVE LISTED LICENSE PLATE** |
|---|---|

(Signature of County Employee)          (License Plate No. Received)          (County Name)          (Date Received)

#### COUNTY MUST COMPLETE ACKNOWLEDGEMENT WHEN FORM AND
#### LICENSE PLATE ARE SURRENDERED TO COUNTY TAG OFFICE

ORIGINAL: MOTOR VEHICLE DIVISION     1 COPY: RETAINED BY COMPANY/AGENT AND SUBMITTED WITH SUBSEQUENT TITLE/TAG APPLICATION
1 COPY: RETAINED BY COMPANY/AGENT AND SUBMITTED WITH SUBSEQUENT TITLE/TAG APPLICATION
1 COPY: RETAINED BY COMPANY/AGENT/SURRENDERING LICENSE PLATE

Applicable copies should be distributed and/or retained by company/agent
The Motor Vehicle Division will not make copies of a completed form T-158.

SUBMISSION OF THIS FORM AND LICENSE PLATE DOES NOT CONSTITUTE PROOF THAT AD VALOREM TAXES HAVE BEEN PAID

*Georgia Motor Vehicle Division*
**Receipt for Tag and/or Decal**

T-159 (Rev. 10/14)

04/21/2017

| Tag: | 7218AFT | Expires: | 04/03/2017 | Decal: | 12544700 | Lic Weight: | 1 |

| Vehicle: | 1997 | FORD | TK | 1FTCR10A6VUC27632 |

Title: 770781021431002

Reason: TAG TURN IN (FS20)

Branch Location: 0022 DEKALB (S DEKALB)          Agent: $002BCD

Owner's Name
BYRON WENDELL PHILLIPS

Residence Address (Individual) Business Address (Firm)
PO BOX 360672

City and State
DECATUR GA

Zip Code
30036-0672

Comments:

EXHIBIT "E"

THE UNIVERSAL WORLD COURT

### Affidavit of
### Claim of Rights and Fee Schedule

Personally appeared before me, the undersigned notary public, byron-wendell:phillips, Sovereign Principal, affiant, being duly sworn, states that:

1. I am 18 years old or older, and I give this affidavit on the basis of my personal knowledge of facts and circumstances connected with this action.
2. I am a Sovereign Principal, indexed by the UWC, under the Omni Law, a three-cord band of ecclesiastical, common, and international law.
3. I hereby claim that rights are not derived from any government or its agencies, but are an endowment from יהוה (YHWH), the creator of all.
4. I hereby claim that the assertion and exercise of rights is unlimited as long as I don't commit a crime against another, which is lawful activity in any situation.
5. I hereby claim the right not to be registered and recognized as neither chattel nor a corporate fiction; and I claim the right not to be subjected to registering myself neither my personal/private property with any government agency, with impunity.
6. I hereby claim the following fee schedule as my personal/private property to be applied to anyone who violates or deprives me of the claims and/or claim of rights described herein; or inherent rights endowed by יהוה (YHWH) and secured by provisions of The Constitution of The United States; or The United States Supreme Court and any other caselaw; or The Universal Declaration of Human Rights; or The Declaration on Rights of Indigenous Peoples; or the Omni Law.

### Fee Schedule

**Per Tort-feasor**
Tort-feasor shall be defined as any individual/person who violates or deprives me of any right(s) described herein; or takes any action against me or my personal/private property without proof of an actual crime committed by me.

> *Fee*

333,000 payable in credit or digital currency; or the equivalent in property of acceptable condition.

**Per Occurrence**
An occurrence shall be defined as any involvement in or action by any individual/person that occurs without a verified complaint against me in support of a lawful search and/or arrest warrant describing the crime I have committed, and issued by the living flesh-and-blood individual/person I caused injury to. Crime shall be defined as intentional violation of another's rights; or intentional injury to another's person; or intentional damage to another's personal/private property; or intentional damage to another's reputation.

> *Fee*

225,000 payable in credit or digital currency; or the equivalent in property of acceptable condition.

### _Actions_
Seizure of person
Search and seizure of person
Handcuffing or binding of any kind
Detainment/Custodial Arrest
Seizure of personal/private property
Search and seizure of personal/private property
Issuance and/or fulfillment of orders
Interrogation
Imprisonment
Subjection to adjudication process
Violation and deprivation of any right(s) secured by:
  The Constitution of The United States
  The United States Supreme Court and any other caselaw
  The Universal Declaration of Human Rights
  The Declaration on Rights of Indigenous Peoples
  The Omni Law

sovereign principal
non-negotiable autograph,
all rights reserved
byron-wendell:phillips, sui juris

Sworn to and subscribed before me this 7th day
of September, 2017.

_____
Notary Public

CAthy Lucas Mosley
Printed

_____
Witness

Nirmala Kesava
Printed

_____
Witness

Whitney Ross
Printed

CATHY LUCAS MOSLEY
NOTARY PUBLIC
Dekalb County
State of Georgia
My Comm. Expires Jan. 23, 2018

UWC Ref. Case No. 17C06064                    - 2 -

## CERTIFICATION & CLOSING

I certify to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that this complaint (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. Rule 11

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. LR 11.1, NDGA

This paper is prepared in Times New Roman 14 point. LR 5.1,  NDGA

Date: 2/21/2020

byron-wendell: phillips
Sovereign Principal
non-negotiable autograph, all rights reserved
sui juris

3308 Peppertree Circle, Apt. D
Decatur, Georgia 30034
Cell: 678-596-3499
Email: hip123456@yahoo.com