IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BYRON WENDELL PHILLIPS,    *
    *
    Plaintiff,    *
    *
v.    *  CIVIL ACTION FILE
    *
THE LIFE PROPERTY    *  NO. 1:20-cv-0812-SDG
MANAGEMENT SERVICES, LLC,    *
et al.    *
    *
    Defendants.    *

## DEFENDANT 3321 PEPPERTREE CIRCLE DECATUR, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW 3321 Peppertree Circle Decatur LLC (hereinafter "Defendant Peppertree" or "this Defendant"), pursuant to Local Rule 7.1A, and hereby files this memorandum of law in support of its Motion to Dismiss Plaintiff's Amended Complaint [Doc. 18]. Defendant Peppertree respectfully shows the Court as follows:

### INTRODUCTION

This is a purported civil rights action arising under 42 U.S.C. § 1983. Plaintiff, a so-called sovereign citizen, is seeking to recover $138,947,989.74 for an alleged deprivation of his "constitutional right to choose; right to be secure in effects from unreasonable seizure; right to due process; right to equal protection

-1-

of the law; right to life; right to liberty; [and] right to property" based on his 1997 Ford Ranger being towed from the parking lot of his apartment complex. (*See* Am. Compl. [Doc. 18] ¶¶ 2, 4.7.) As it relates to this Defendant, Plaintiff alleges that Defendant Peppertree, the listed property owner of his apartment complex, participated in the seizure of the vehicle by determining which vehicles in the apartment complex were subject to being towed from the premises. (*Id.* ¶ 4c.) Plaintiff describes the towing of his vehicle as conversion. *Id.* Plaintiff signed a residential lease with Defendant The Life Property Management Services, LLC, which specified that vehicles without current license plates or current inspection stickers were subject to being towed from the property. (*Id.* ¶ 4a., Ex. A.) Notably, Plaintiff also alleges that he surrendered his license plate to the state on April 21, 2017. (*Id.* ¶ 8, Ex. D.) His vehicle was towed on March 5, 2018. (*Id.* ¶ 4.7.)

Plaintiff's Amended Complaint should be dismissed on several grounds. As a preliminary matter, Defendant Peppertree has not been served (and the Court consequently cannot exercise personal jurisdiction over Defendant Peppertree). Plaintiff filed an "Affidavit of Service" [Doc. 26] indicating that he "served" Defendant Peppertree "via deposit in the U.S. Mail." Plaintiff also filed an "Affidavit in Support of Request for Entry of Default" against Defendant

Peppertree [Doc. 56] contending that service was made on this Defendant on July 15, 2020. First, perfecting service by mail is impermissible here. Second, Plaintiff admits that the "Return Receipts have not been obtained" per his own Affidavit of Service and Good Cause Request [Doc. 44]. Third, Plaintiff's request to Defendant Peppertree to waive service does not satisfy Plaintiff's obligation to perfect service under Rule 4. Fourth, Plaintiff is not permitted to perfect service himself, as he is a party to this action. Finally, Plaintiff's "Affidavits of Service" are not actual notarized affidavits and are therefore self-serving and invalid "proofs of service." As such, Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) and this Court's Order of June 22, 2020 [Doc. 22] requiring Plaintiff to **properly serve** all Defendants no later than July 24, 2020, and dismissal is therefore proper for lack of service.

Notwithstanding the foregoing, as it relates to the merits of the action, Plaintiff has simply failed to state a claim against Defendant Peppertree under section 1983. Section 1983 is not the proper vehicle to vindicate what Plaintiff himself claims is, at most, simply conversion. Not every "deprivation" amounts to a federal case. Plaintiff has an adequate state remedy for the alleged deprivation of his vehicle, i.e., a tort action for conversion. Plaintiff's claim under section 1983 is, therefore, precluded. Moreover, Plaintiff's claim against Defendant Peppertree

must fail because Defendant Peppertree is not a state actor and cannot be held liable under section 1983 for the actions of the person who towed Plaintiff's vehicle. The Court should accordingly dismiss Plaintiff's Amended Complaint for insufficient service of process[1] (and consequently lack of personal jurisdiction) and for failure to state a claim.

## STATEMENT OF THE FACTS

Accepting the allegations of Plaintiff's Amended Complaint as true, as the Court must at the motion to dismiss stage, Plaintiff surrendered the license plate for his 1997 Ford Ranger to the Motor Vehicle Division of the DeKalb County Tag Office on April 21, 2017. (Am. Compl. ¶ 8, Ex. D.) Presumably, Plaintiff's vehicle remained without a license plate following its being surrendered to DeKalb County.[2] Plaintiff's residential lease contract authorized Defendant Life Property to remove unauthorized or illegally parked vehicles from the apartment community at Plaintiff's expense. (*Id.* ¶ 4a, Ex. A.) The lease listed vehicles

---

[1] Dismissal is also proper because Plaintiff failed to comply with this Court's Order of June 22, 2020 [Doc. 22] requiring Plaintiff to **properly serve** all Defendants no later than July 24, 2020.

[2] Prior to surrendering his state-issued license plate, Plaintiff, a sovereign citizen, purchased a "private plate" as an alternative to a state-issued license plate from the so-called United States of America Department of Travel. (Am. Compl. ¶ 7.) That "private plate" was seized by the Villa Rica Police Department on February 21, 2017. (*Id.*)

without current license plates or inspection stickers as unauthorized vehicles. (*Id.*) On March 5, 2018, Plaintiff's vehicle was towed by Defendant Quick Drop (*Id.* ¶ 4.7.)

Plaintiff filed the instant action on February 21, 2020, to recover for his vehicle being towed. On June 22, 2020, the Court entered an Order [Doc. 22] instructing Plaintiff that he was required to serve the defendants by May 21, 2020, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*See* Doc. 22.) The Court further ordered Plaintiff to "***properly serve*** all Defendants with the Amended Complaint no later than July 24, 2020" and to file proofs of service within 7 days after service was effectuated. (*Id.*) (emphasis added). The Court warned Plaintiff that failure to serve the defendants could result in dismissal of the action. (*Id.*)

Plaintiff filed a purported Affidavit of Service [Doc. 26] on July 30, 2020. In that Affidavit, Plaintiff states that "I . . . certify that on the 15th day of July, 2020 a true and correct copy of the Amended Complaint was served, at ***the last known mailing address***, upon . . . (3) 3321 Peppertree Circle Decatur LLC . . . ***via deposit in the U.S. Mail***." (*Id.* at 1.) (emphasis added). Then, on September 11, 2020, Plaintiff filed an Affidavit of Service and Good Cause Request [Doc. 44] and the "Defendant Peppertree Circle, LLC . . . . were served simultaneously at the same physical address on 7/16/2020. The packages were delivered per USPS online

statements corresponding to Certified Mail Receipts, however, the Return Receipts have not been obtained."[3] (*See* Doc. 44 at 2). On December 14, 2020, Plaintiff filed a Request for Entry of Default against Defendant Peppertree [Doc. 56] and attached his "Affidavit" in support of the request. (*See* Doc. 56.) In the "Affidavit," Plaintiff again stated that Defendant Peppertree Circle was served on July 15, 2020. (*Id.* at 2.)

## ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff's action should be dismissed for insufficient service of process because Plaintiff failed to perfect service upon Defendant Peppertree.**

First, Plaintiff has failed to effectuate service on Defendant Peppertree and therefore, Plaintiff's Amended Complaint against Defendant Peppertree should be dismissed accordingly.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *See Nasrallah v. Chick-fil-A Piedmont Rd.*, 2017 U.S. Dist. LEXIS 77479, *4 (N.D. Ga. January 3, 2017). And "[a] court without personal jurisdiction is powerless to take further action." *Id.* Therefore, "[a]s a general rule, courts address issues relating to personal jurisdiction before reaching the merits of [a] plaintiff's claims[ ]

---

[3] Defendant Peppertree was "served" at "300 Colonial Center Pkwy, STE 100N, Roswell, GA 30076." (*See* Doc. 26; Ex. D to Doc. 44.) This is not the registered

. . . because a defendant not subject to the court's jurisdiction cannot be bound by its rulings." *Id.* (internal citations omitted).

Service of process on a corporation is governed by Rule 4(h) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h). Rule 4(h) applies to limited liability companies as well as to corporations. *See, e.g.¸ Owens v. United States Bank Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 202753, at *n1 (N.D. Ga. Feb. 16, 2012). Under Rule 4(h) corporations must be served as follows:

> In the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

*See* Fed. R. Civ. P. 4(h)(1). The Eleventh Circuit interprets "delivery" to mean personal service. *See, e.g.*, *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009) (holding that the district court properly dismissed a *pro se* plaintiff's complaint when she attempted to serve the corporate defendant by certified mail alone when the defendant had not waived service).

Here, Plaintiff's purported service of Defendant Peppertree does not satisfy Rule 4(h)(1)(B)'s requirement of personal service. Plaintiff's Affidavit of Service

---

agent address for Defendant Peppertree.

indicates that he attempted to serve process upon this Defendant via certified mail. *See* Affidavit of Service [Doc. 26]. As noted, however, service by mail does not satisfy the Rule 4(h). *See Graham v. U.S. Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 167927, at *5 (N.D. Ga. Feb. 9, 2011) (Judge Baverman noting that service by mail is insufficient under Rule 4(h)(1)(B)). Plaintiff's attempted service is likewise deficient due to the fact that he not only improperly attempted to serve this Defendant by mail, but also his own admission that the Return Receipts have not yet been obtained. (*See* Doc. 44.) Plaintiff's "service" by mail is, therefore, insufficient on two fronts, and Plaintiff cannot show that he properly served Defendant Peppertree in accordance with Rule 4(h)(1)(B).

Moreover, a party is not permitted to perfect service under Rule 4(c)(2). As such, any attempt by Plaintiff to perfect service himself—even attempts to perfect service by mail—would necessarily invalidate the service. *See, e.g.*, *Ferguson v. Maryland*, 2012 U.S. Dist. LEXIS 191803, at *14 (N.D. Ga. Aug. 6, 2012) ("Plaintiff also violated Rule 4(c)(2) with respect to the corporate defendants, because he attempted to serve them himself.") (*citing Pelmore v. Pinestate Mortg. Corp.*, 2010 U.S. Dist. LEXIS 10930, at *3  (N.D. Ga. Feb. 8, 2010)(Thrash, J.) ("any attempt  by Plaintiff himself to serve Defendants by mail would be a violation of Rule 4(c)(2).")

In addition, Plaintiff cannot show that he properly served Defendant Peppertree in accordance with Rule 4(h)(1)(A), the other subsection applicable to serving a corporation. Rule 4(h)(1)(A) allows for service to be perfected on a corporation in accordance with Rule 4(e)(1). That rule provides for service in accordance with the law of the forum state or of the state in which service is perfected. *See* Fed. R. Civ. P. 4(e)(1). Under Georgia law, a corporation may be served by delivering a copy of the summons and complaint to a specified officer or agent of the corporation or by service on the registered agent. *See Graham v. U.S. Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 167927, at *5 (N.D. Ga. Feb. 9, 2011). Plaintiff did not personally serve Defendant Peppertree's registered agent. Moreover, Plaintiff did not deliver a copy to one of the specified officers listed in the Georgia Civil Practice Act.[4]

Additionally, Plaintiff's request to Defendant Peppertree to waive service does not satisfy Plaintiff's obligation to perfect service under Rule 4. While a plaintiff has the option of requesting that a defendant waive service, the plaintiff must *first* actually obtain and file the executed waiver of service from the defendant in order to satisfy the rule. Plaintiff has not done so here.

---

[4] A defendant's actual notice of the lawsuit does not cure defective service. *See Lau*

The Eleventh Circuit explained as follows:

> While the individual defendants are subject to the waiver
> procedure, the individual defendants did not respond to the
> plaintiff's request for waiver of service, and the defendant is not
> required to waive formal service. ***We have held that if the
> defendant fails to respond to service by mail, the plaintiff must
> effect personal service pursuant to Rule 4(e).***

*Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir.
2007) (emphasis added). As noted in *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed.
Appx. 843, 844 (11th Cir. 2009), when the defendant does not agree to waive
service, simply complying with Rule 4(d)'s mailing procedure is not enough to
show that service has been waived. In *Dyer,* the *pro se* plaintiff sent the copy of the
summons and complaint to her former employer, Wal-Mart, by certified mail.
*Dyer*, 318 Fed.Appx. at 843. The plaintiff failed to personally serve Wal-Mart or to
file a signed waiver of service. *Id.* at 844. Wal-Mart had not waived service. *Id.* In
affirming the dismissal of the plaintiff's complaint under Rule 4(m), the Eleventh
Circuit noted that mailing a copy is all that is required *if* the defendant has agreed
to waive service. *Id.* at 844 ("If the defendant agrees to waive service . . . the
plaintiff need only mail a copy of the complaint to the defendant. Fed. R. Civ. P.
4(d)"). The Court went on to note, however, that because Wal-Mart had not waived
service, dismissal of the plaintiff's complaint was appropriate.

*v. Klinge*r, 46 F. Supp.2d 1377, 1381 (S.D. Ga. 1999).

-10-

Similar to *Dyer,* the *pro se* Plaintiff in the instant matter attempted to mail requests to waive service to Defendant Peppertree. Just like in *Dyer,* where the defendant, Wal-Mart, did not waive service, Defendant Peppertree has ***not*** waived service. Further, Plaintiff has not otherwise perfected service on Defendant Peppertree, despite the Court granting Plaintiff additional time to do so.

It bears noting that Plaintiff has filed "Affidavits" in support of his purported service on Defendant Peppertree. However, such "Affidavits" are not proper affidavits under law. Plaintiff signs the Affidavits as a "sovereign principal, non-negotiable autograph, all rights served sui juris." [Doc. 44]. In anticipation of Plaintiff's argument that he has authority to sign as a "sovereign citizen," the "sovereign citizen" theory has been repeatedly rejected by federal courts as baseless and frivolous. *See Mells v. Loncon*, 2019 U.S. Dist. LEXIS 49572, No. CV418-296  at *3-4 (S.D. Ga. Feb. 27, 2019); *see also United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013)*; Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014); *Roach v. Arrisi*, 2016 U.S. Dist. LEXIS 189902, 2016 WL 8943290 at *2 (M.D. Fla. 2016). Further, there is no indication that Plaintiff has been appointed as a notary public in Georgia pursuant to O.C.G.A. § 45-17-1*, et seq*. Even if he were an appointed notary public, it is still impermissible for Plaintiff notarize his own "Affidavits of Service."  *See* O.C.G.A. § 45-17-8(c)

("A notary shall be disqualified from performing a notarial act in the following situations which impugn and compromise the notary's impartiality: [w]hen the notary is a signer of the document which is to be notarized.") Therefore, Plaintiff's "Affidavits" are self-serving and invalid.

Rule 4(m) requires a Plaintiff to perfect service within 90 days of the complaint's filing, or risk dismissal. *See* Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed on February 21, 2020. On June 22, 2020—122 days following the Complaint's filing—the Court granted Plaintiff an additional month to perfect service and warned Plaintiff that dismissal could result if Plaintiff failed to comply with the service requirements of Rule 4. (*See* Doc. 22.) **To date, Defendant Peppertree still has not been served.**

**B.** **Because Georgia law provides an adequate remedy for Plaintiff's alleged property deprivation, Plaintiff cannot state a claim under section 1983.**

Notwithstanding the lack of service on Defendant Peppertree, this action should nonetheless be dismissed under Rule 12(b)(6) for Plaintiff's failure to state a claim under section 1983 as Georgia law provides an adequate remedy in tort. Plaintiff brings this action under section 1983 seeking redress for a perceived violation of his constitutional rights as a result of his vehicle being towed from his apartment complex's parking lot.   But not every perceived deprivation of

property can breathe life into a federal lawsuit. Plaintiff aptly describes the towing of his vehicle as conversion. (*See Am. Compl.* ¶ 4a.) Georgia law sufficiently provides relief to any person seeking redress for conversion. As the Eleventh Circuit has explained, the seizure and retention of an individual's personal property does *not* give rise to liability under section 1983 "if a meaningful post- deprivation remedy for the loss is available." *See, e.g.*, *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991); *see also Allen v. Peal*, 2012 U.S. Dist. LEXIS 97150,  at *8 (S.D. Ga. June 18, 2012).  Where state law provides an adequate post-deprivation remedy for the loss of personal property, a section 1983 due process claim will not lie. *Lindsey v. Storey*, 936 F.2d at 561.

In Georgia, a property owner has a cause of action to recover the loss of his personal property. *See* O.C.G.A. § 51-10-1 ("The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies."). Plaintiff therefore had an adequate remedy under state law by which to seek redress for the alleged wrongful towing of his vehicle. As such, this section 1983 action must be dismissed. Plaintiff cannot state a claim under section 1983.

### C. Plaintiff cannot state a claim for relief under section 1983 because Defendant Peppertree is not a state actor.

Plaintiff has failed to—and cannot—sufficiently allege facts showing that Defendant Peppertree acted under color of state law. To sustain a cause of action

under section 1983, a plaintiff must establish: (1) that he or she suffered a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *See Jackson v. Knight*, 2006 U.S. Dist. LEXIS 103328, at *12-13 (M.D. Fla. Oct. 24, 2006) (citing *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987)). The traditional definition of acting under  color of state law requires that the defendant in a section 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 49, (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941))). Section 1983 excludes from its reach *merely private conduct*, no matter how discriminatory or wrongful. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Section 1983 excludes from its reach *merely private conduct*, no matter how discriminatory or wrongful. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Here, Plaintiff cannot plausibly contend that Defendant Peppertree acted under color of state law. Defendant Peppertree is a private company which

allegedly owned the private apartment complex where Plaintiff resided. As noted, Plaintiff's residential lease agreement provided for the towing of certain vehicles from the apartment complex. (*See* Am. Compl. ¶ 4a., Ex. A.) There are limited circumstances when section 1983 claims can be invoked against "private individuals who exercise government power" and qualify as a state actor. *See, e.g., Payton v. Rush-Presbyterian St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). And even in cases where the state regulates a private party—which is not the case here—the mere fact that a state regulates a private party is not sufficient to make that party a state actor. *See, e.g.*, *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001).

The Eleventh Circuit utilizes three tests to determine whether the actions of a private entity are attributable to the state: (1) the public function test, (2) the state compulsion test, and (3) the nexus/joint actions test. *Focus on the Family*, 344 F.3d at 1277.  The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." *Id.* The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it

was a joint participant in the enterprise." *Id.* Defendant Peppertree's actions, as alleged, do not implicate any of these tests. Defendant Peppertree is a private property owner that allegedly had Plaintiff's vehicle towed from the apartment complex— in accordance with Plaintiff's lease—because it did not display a license plate, after Plaintiff surrendered it to DeKalb County. The state does not enforce private parking restrictions on private property. The state was not involved in the towing of the vehicle and did not encourage it. And the state certainly was not a joint participant or in a position of interdependence with Defendant Peppertree. Plaintiff has not plausibly alleged any facts showing that Defendant Peppertree was a state actor. Plaintiff's claims against Defendant Peppertree must therefore be dismissed for failure to state a claim.

### D. **Plaintiff's claims under the "sovereign citizen" theory should be dismissed.**

Plaintiff's claims as a "sovereign citizen" should be dismissed because the "sovereign citizen" theory has been repeatedly rejected by federal courts as baseless and frivolous. *See Mells v. Loncon*, 2019 U.S. Dist. LEXIS 49572, No. CV418-296 at *3-4 (S.D. Ga. Feb. 27, 2019); *see also United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (stating that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe,*

654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, 2016 U.S. Dist. LEXIS 189902, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted).

### E. *Pro Se* **Plaintiff is not insulated from his failure to comply with the Federal Rules of Civil Procedure.**

Finally, while a complaint filed by a *pro se* Plaintiff is to be "'liberally construed' and 'held to less stringent standards,'" "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Novero v. Duke Energy*, 753 F. App'x 759, 765 (11th Cir. 2018). *See Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) ("A litigant's *pro se* status does ***not*** excuse mistakes he makes regarding procedural rules.") This Court's Standing Order Regarding Civil Litigation [Doc. 17] similarly provides that "[p]arties proceeding pro se (without

an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P." as well as the Court's Local Rules ("LR, NDGa"). As such, Plaintiff's *pro se* status does not insulate him from complying with procedural requirements, as well as his failure to state a claim against Defendant Peppertree.

## <u>CONCLUSION</u>

Based on the above-cited authority, Defendant Peppertree respectfully requests that the Court dismiss Plaintiff's Amended Complaint due to Plaintiff's failure to properly serve Defendant, a lack of personal jurisdiction, and for Plaintiff's failure to state a claim.

This 16<u>th</u> day of December, 2020.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

<u>*/s/ Kelly G. Chartash*</u>
Melissa A. Segel
Georgia Bar No. 020406
Kelly G. Chartash
Georgia Bar No. 602721
Gerond J. Lawrence
Georgia Bar No. 961369
***Attorneys for Defendants The Life Property Management Services, LLC, 3321 Peppertree Circle Decatur LLC, and Tonya Carter***

Suite 300 – The Peachtree
1355 Peachtree Street, NE
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Melissa.segel@swiftcurrie.com
kelly.chartash@swiftcurrie.com
gerond.lawrence@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

This 16th day of December, 2020.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Kelly G. Chartash*
Melissa A. Segel
Georgia Bar No. 020406
Kelly G. Chartash
Georgia Bar No. 602721
Gerond J. Lawrence
Georgia Bar No. 961369
***Attorneys for Defendants The Life Property Management Services, LLC, 3321 Peppertree Circle Decatur LLC, and Tonya Carter***

Suite 300 – The Peachtree
1355 Peachtree Street, NE
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Melissa.segel@swiftcurrie.com
kelly.chartash@swiftcurrie.com
gerond.lawrence@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **DEFENDANT 3321 PEPPERTREE CIRCLE DECATUR LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** by e-filing same using the CM/ECF e-filing system which will automatically send notification of said filing to the following attorneys and parties of record:

Byron-Wendell: Phillips
3308 Peppertree Circle, Apt. D
Decatur, GA 33034
Hip123456@yahoo.com
*Pro Se Plaintiff*

Laura K. Johnson
Nikisha L. McDonald
Omari J. Crawford
Dekalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
lkjohnson@dekalbcountyga.gov
nmcdonald@dekalbcountyga.gov
ojcrawford@dekalbcountyga.gov
*Attorneys for Defendants DeKalb County and Officer Harris*

This 16th day of December, 2020.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Kelly G. Chartash*
Melissa A. Segel
Georgia Bar No. 020406
Kelly G. Chartash
Georgia Bar No. 602721
Gerond J. Lawrence
Georgia Bar No. 961369
***Attorneys for Defendants The Life Property Management Services, LLC, 3321 Peppertree Circle Decatur LLC, and Tonya Carter***

Suite 300 – The Peachtree
1355 Peachtree Street, NE
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Melissa.segel@swiftcurrie.com
kelly.chartash@swiftcurrie.com
gerond.lawrence@swiftcurrie.com

4823-6590-5620, v. 1