IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BYRON WENDELL PHILLIPS,

     Plaintiff,

               v.

THE LIFE PROPERTY MANAGEMENT
SERVICES, LLC, *et al.*,

     Defendants.

Civil Action No.
1:20-cv-00812-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Byron Wendell Phillips's "notice and good cause request for consideration" regarding his attempts to serve Defendants [ECF 28] and his motions for entry of default [ECF 56–67]; Defendant The Life Property Management Services, LLC's motion to dismiss [ECF 30]; Defendants Dekalb County and Officer Derrick Harris's motion to dismiss or, in the alternative, for a more definite statement [ECF 45]; Defendant 3321 Peppertree Circle Decatur LLC's motion to dismiss [ECF 68]; and Defendant Tonya Carter's motion to dismiss [ECF 69]. After careful consideration of the parties' briefing, the Court **DENIES** Plaintiff's motions for entry of default; **GRANTS** Defendants' motions to dismiss; and **DENIES as moot** Plaintiff's request for consideration.

## I.     BACKGROUND

Plaintiff Byron Wendell Phillips claims that Defendants, acting under the color of state law, deprived him of his constitutionally guaranteed right to possess an unregistered motor vehicle. According to Phillips, who is proceeding as a "sovereign principal," it is unconstitutional for the State of Georgia to impose taxes on and require registration of a personal vehicle, that is a vehicle not operated for commercial purposes, and, therefore, Defendants violated Phillips's rights by towing and refusing to return his vehicle based on the fact that the vehicle was unregistered.[1] Phillips also takes issue with the requirements for service of process under the Federal Rules of Civil Procedure, and steadfastly argues that he is permitted to serve his Amended Complaint by mail.[2] Phillips, who clearly intends to operate by his own rules and not those of the United States, the State of Georgia, or this Court, cannot proceed on his claims because he has failed (1) to properly serve all but three Defendants and (2) to allege a protected constitutional right of which he was deprived.

---

[1]    ECF 18, ¶¶ 5.1–5.10, 15.

[2]    *See e.g.*, ECF 38, at 9–17 ("Service by mail is just as reliable as a natural 'person' making delivery.").

### a.    Factual Allegations

As alleged by Phillips, on April 21, 2017, he voluntarily surrendered the Georgia license plate for his 1997 Ford Ranger.[3] Phillips then registered his car and obtained plates from the "United States Of America Department of Travel."[4] Phillips kept his car at the Crystal Point Apartments, owned by Defendant 3321 Peppertree Circle Decatur LLC (Peppertree Circle) and managed by Defendant The Life Property Management Services, LLC (Life Property).[5] Phillips's lease agreement provided that the lessor could "remove unauthorized or illegally parked vehicles from the apartment community at [the lessee's] expense under the terms of this Lease Contract or by appropriate statute. A vehicle is unauthorized or illegally parked in the apartment community if it . . . (3) has no current license

---

[3]   *Id.* at 109.

[4]   *Id.* ¶ 4.1.

Elsewhere in the pleading, Phillips alleges that "Based upon personal research findings, [he] sought an alternative to a state license or license plate and, on 6/20/2016, purchased a private plate (no expiration) online from the United States of America Department of Travel which included Title #031P9565 recorded at the location in Washington, D.C. The title also had/has the plate number on it, 3749265." *Id.* at 24 ¶ 7.

[5]   *Id.* ¶¶ 3.c., 4.1.; ECF 26, at 12.

or no current inspection sticker."[6]

On October 10, 2017, a "John Doe" tow truck driver for Defendant Quick Drop Impounding, Towing & Recovery (Quick Drop) placed a sticker on Phillips's car indicating that the car would be towed on October 12.[7] Phillips reported the incident to management, claiming that his "private plate obtained from the United States Of America Department of Travel" had been stolen.[8] On October 12, Quick Drop arrived to tow the car.[9] Phillips insisted that the private plate would not permit the tow truck driver to seize the car.[10] It does not appear from the allegations in the Amended Complaint that the car was towed at that point.[11]

In February 2018, a Quick Drop tow truck driver placed a sticker on the car indicating that it would be towed on February 26.[12] This was despite the placards Phillips had visibly placed in the car stating "PRIVATE AUTOMOBILE NOT FOR

---

[6]   ECF 18, ¶ 4.a & Ex. A. The Amended Complaint does not attach a complete copy of the lease. Rather, it contains only the page reflecting this language. *Id.* Ex. A. None of the parties dispute the authenticity of this excerpt.

[7]   *Id.* ¶ 4.1.

[8]   ECF 18, ¶ 4.1.

[9]   *Id.* ¶ 4.2.

[10]   *Id.*

[11]   *Id.* ¶¶ 4.1., 4.2., 4.3.

[12]   *Id.* ¶ 4.5.

HIRE" and "NO TRESPASSING."[13] The car was not towed on the 26th.[14] As a result of these events, Phillips sent a letter to Defendant Jeffrey L. Mann, Esq., who is alleged to have been the Sheriff of DeKalb County at the time.[15] Mann did not respond.[16]

Eventually, on March 5, 2018, Quick Drop "seized/stole" Phillips's car.[17] Phillips reported the alleged theft to Defendant "Officer Harris."[18] On March 8, Phillips reported the car as having been stolen to Defendant Tonya Carter, who is alleged to be an agent of Life Property, and demanded her supervisor or the contact information for Life Property.[19] Carter was allegedly less-than-accommodating of Phillips's demand.[20]

Phillips's disputed Quick Drop's assertion that the car had been turned over to it.[21] He provided Quick Drop with his own "Fee Schedule Invoice" of itemized

---

[13]  *Id.* ¶¶ 4.4., 4.5.

[14]  *Id.*

[15]  *Id.* ¶ 4.6.

[16]  *Id.*

[17]  *Id.* ¶ 4.7.

[18]  *Id.*

[19]  *Id.* ¶¶ 4.a., 4.8.

[20]  *Id.*

[21]  *Id.* ¶¶ 4.9., 4.10., 4.11.

charges for "violation(s) and restriction of his rights" and demanded the return of his vehicle.[22] Phillips also sent this information to Sheriff Mann and Life Property.[23] Phillips attempted to contact Officer Harris and others at the South Precinct multiple times concerning information Phillips believed was missing from the incident report stemming from Phillips's report of theft.[24] After speaking with a sergeant on April 11, 2018, Phillips was still dissatisfied with the contents of the report.[25] He sent a written complaint to Defendant Police Chief Conroy, who did not respond.[26]

On April 24, 2018, Phillips was provided with a declaration of abandonment by Quick Drop.[27] Phillips responded to Quick Drop in writing, indicating (among other things) that "no one has the right or authority to declare anything concerning his personal/private automobile because they don't own it, and he had/has not consented to Quick Drop's behavior, and he had/has not created and distributed a verified document giving anyone permission to grant, convey, transfer, or

---

[22] *Id.* ¶ 4.11.

[23] *Id.*

[24] *Id.* ¶¶ 4.12–4.16.

[25] *Id.* ¶ 4.17.

[26] *Id.* ¶ 4.18.

[27] *Id.* ¶ 4.19.

otherwise dispose of his property."[28] On June 4, 2018, Phillips again wrote to Chief Conroy, accusing DeKalb County and the officers involved of participating in the violation of his rights, and included a "Fee Schedule Invoice" detailing the amount of damages owed to him plus the interest accruing on that amount.[29]

### b. Procedural History

On February 21, 2020, Phillips (who is appearing *pro se*) filed a 115-page Complaint against three groups of Defendants.[30] "Group I" includes Life Property, Tonya Carter, Peppertree Circle, Registered Agents Inc., Northwest Registered Agent, LLC, and Bill Havre (CEO of Northwest Registered Agent);[31] "Group II" includes Quick Drop, its agent Tenesha Thomas, the "John Doe" Tow Truck Driver, and Quick Drop's CEO Curtis McMurray;[32] "Group III" includes Jeffrey L. Mann, James W. Conroy, Officer Harris, "Officer Morgan" (who was also assigned to the South Precinct and who responded to Phillips's concerns about the incident

---

28  *Id.* ¶ 4.20.

29  *Id.* ¶ 4.21.

30  *See generally* ECF 1.

31  ECF 18, ¶ 4.a.

32  *Id.* ¶ 4.b.

report)[33] and DeKalb County.[34] Prior to service of process on Defendants, on May 18, 2020, Phillips filed an Amended Complaint.[35] Phillips alleges violations of 42 U.S.C. § 1983, for "(1) interfering with/violating and (2) restricting the Constitutional right to choose; right to be secure in effects from unreasonable seizure; right to due process; right to equal protection of the law; right to life; right to liberty; right to property."[36]

Phillips accuses the Groups of conspiring together to deprive him of his rights,[37] and alleges that DeKalb County inadequately supervises its police officers "by not implementing an oversight policy to ensure officers are abiding by their oaths, recognizing and considering the federal Constitution and laws."[38] Phillips seeks compensatory and punitive damages, the return of his car, litigation fees and expenses.[39] Based on his own fees schedules, Phillips calculates his compensatory

---

[33]   *Id.* ¶ 4.e.1.

[34]   *Id.* ¶ 4.c.

[35]   *See generally* ECF 18. Phillips later filed a 172-page notice of constitutional questions pursuant to Fed. R. Civ. P. 5.1 that appears to repeat many of the allegations in his Amended Complaint. ECF 53.

[36]   ECF 18, ¶ 2.

[37]   *Id.*

[38]   *Id.* at 26, ¶ 12.

[39]   *Id.* at 79–80.

damages at $138,947,989.74 and asks for $7,180,000 in punitive damages from each member of Groups I and II and slightly different amounts from the Group III Defendants.[40]

On June 22, 2020, the Court directed Phillips to properly serve all Defendants with the Amended Complaint no later than July 24, and to file proofs of service within seven days.[41] Phillips was cautioned that failure to do so might result in dismissal of this action.[42] Phillips then attempted to serve Defendants by mail with requests for waiver of service.[43] He later asked the Court not to dismiss the action because of delays in mail delivery and to accept, *nunc pro tunc*, his belated proofs of service.[44] What Phillips filed, however, were not proofs of service but evidence of having mailed the requests for waiver of service.[45]

On August 12, 2020, Life Property filed a motion to dismiss pursuant to Rule 12(b)(2), (5), and (6), for lack of service, lack of personal jurisdiction, and failure to

---

[40]   *Id.* at 81–85, 86–87.

[41]   ECF 22, at 2.

[42]   *Id.*

[43]   ECF 26.

[44]   ECF 28, at 2; ECF 44, at 2.

[45]   *See generally* ECF 44. *See also* ECF 26.

state a claim.[46] Phillips opposed the motion on August 24.[47] Life Property filed its reply on September 8.[48] On September 14, DeKalb County and Officer Derrick Harris filed a motion to dismiss or for a more definite statement pursuant to Rule 12(b)(6) and 12(e).[49] Phillips opposed on September 21.[50] DeKalb County and Harris filed their reply on October 5.[51]

On December 11, 2020, Phillips filed motions for clerk's entry of default against all Defendants, save for DeKalb County, Officer Harris, Bill Havre (Northwest Registered Agent's CEO), and the "John Doe" tow truck driver.[52] On December 16, Peppertree Circle and Tonya Carter filed separate motions to dismiss.[53] They also opposed Phillips's motions for clerk's entry of default.[54] On December 30, Phillips responded to Peppertree Circle's motion to dismiss and

---

[46]   ECF 30.

[47]   ECF 37; ECF 38.

[48]   ECF 43.

[49]   ECF 45.

[50]   ECF 48.

[51]   ECF 50.

[52]   ECF 56–67.

[53]   ECF 68; ECF 69.

[54]   ECF 70; ECF 71.

filed a reply in support of the default motion.[55] Peppertree Circle filed a reply in support of the motion to dismiss on January 6, 2021.[56] Carter filed a reply in support of her motion to dismiss on January 13.[57] On December 28, 2020, James Conroy and Jeffrey Mann opposed the default motions.[58] Phillips filed a consolidated reply on January 6, 2021.[59]

## II.     Legal Standard

### a.     Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual

---

[55]   ECF 73; ECF 74.

[56]   ECF 75.

[57]   ECF 78.

[58]   ECF 72.

[59]   ECF 76.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'") (alteration in original) (footnote omitted) (quoting 5 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. at 680–85; *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.,* 355 F. App'x 318, 322 (11th Cir. 2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). The Court will not, however, accept legal conclusions as true or construe them favorably to the plaintiff. *Iqbal*, 556 U.S. at 678.

### b.   Default Judgments

Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are generally entered by the court. Fed. R. Civ. P. 55(b)(2). The Court may set aside a default or a default judgment for good cause. Fed. R. Civ. P. 55(c).

There is a strong policy in this circuit to decide cases on their merits, rather than through default. *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web*

*Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (indicating circuit has "a strong policy of determining cases on their merits and we therefore view defaults with disfavor"); *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) ("'Entry of judgment by default is a drastic remedy which should be used only in extreme situations.'") (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). When a defendant has entirely failed to appear or defend against a well-pleaded complaint, however, entry of a default judgment is appropriate. *Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (entry of default judgment in favor of plaintiff warranted only if there exists "a sufficient basis in the pleadings for the judgment entered").[60]

## III.   Discussion

The Court recognizes that Phillips is appearing *pro se*. Thus, it must construe the Amended Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

---

[60]   *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, (11th Cir. 1981) (adopting as binding precedent all decisions handed down by former Fifth Circuit prior to October 1, 1981).

But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Nor may the Court overlook the substantial defects in Phillips's efforts to serve the Amended Complaint. Phillips has failed to state a claim for relief under 42 U.S.C. § 1983 and has repeatedly failed to properly serve his Amended Complaint. These are not minor defects, and dismissal with prejudice is appropriate.

### a.   Service of Process

Phillips has failed to serve or obtain waivers of service from all but three of the Defendants.[61] On this basis, Defendants Life Property, Peppertree Circle, and

---

[61]   Defendants DeKalb County and Officer Harris waived service (ECF 32; ECF 33), and Defendant McMurray apparently waived service on August 19, 2020, but has yet to enter the case (ECF 40, at 1). The Court is skeptical about the authenticity of the McMurray waiver.

Tonya Carter have moved to dismiss.[62] Phillips argues in response that he is permitted to serve the Amended Complaint and the summons through U.S. Mail because the postal service is a corporate "person," who is permitted to serve process under Rule 4 of the Federal Rules of Civil Procedure and because the federal rules contemplate service of other papers by mail.[63] True to this position, Phillips has filed an "affidavit" purporting to show proofs of service that reference certified mail receipts.[64]

Based on these receipts, Phillips has moved for entry of default judgment against almost all the Defendants.[65] Peppertree Circle, Tonya Carter, Jeffery Mann, and James Conroy oppose entry of default, claiming they have not been properly served.[66] The motions to dismiss for failure to serve filed by Life Property, Peppertree Circle, and Tonya Carter, as well as Phillips's request for entry of default, turn on whether Phillips can properly serve Defendants by mail.

---

[62] ECF 30; ECF 68; ECF 69.

[63] ECF 38, at 9–14.

[64] ECF 26.

[65] ECF 56–67. Phillips did not request entry of default against Bill Havre, the "John Doe" tow truck driver, DeKalb County, or Officer Harris.

[66] ECF 70; ECF 71; ECF 72.

Pursuant to Rule 4, a plaintiff is "responsible for having the summons and complaint served" in a timely manner by "[a]ny person who is at least 18 years old and not a party" or a by United States marshal or deputy marshal. Fed. R. Civ. P. 4(c). An individual may be served by "following state law for serving a summons" in "the state where the district court is located or where service is made" or

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). A plaintiff may serve a corporation pursuant to the laws of the state where the district court sits or where service is made or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). The Eleventh Circuit has interpreted "delivery" to mean "personal service." "If the defendant agrees to waive service, however, the plaintiff need only mail a copy of the complaint to the defendant." *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).

Georgia law does not permit service of process by mail to either individuals or corporations unless the party waives service. O.C.G.A. § 9-11-4. Phillips also attempted to serve process on one of the Defendants in New York, which allows service by mail, but requires a return of acknowledgment of service before a Court can exercise personal jurisdiction. *Shenko Elec., Inc. v. Hartnett*, 558 N.Y.S.2d 859 (N.Y. App. Div. 1990) ("The mailing of process pursuant to CPLR 312–a does not effect personal service. Service is complete only when the acknowledgment of receipt in the form prescribed by CPLR 312–a(d) is mailed or returned to the sender. If the acknowledgment of receipt is not mailed or returned to the sender, the sender is required to effect personal service in another manner.") (internal citations omitted).

It appears that Phillips has attempted service by mailing a copy of the complaint, the summons, and a waiver of service form to the Defendants through the United States Postal Service.[67] Phillips, therefore, failed to perfect service in a manner provided by the Federal Rules of Civil Procedure. Further, "[a] defendant's actual notice is not sufficient to cure defectively executed service."

---

[67] ECF 26; ECF 44. Curiously, it does appear that Phillips attempted to personally serve Bill Havre in Wyoming using a process server. ECF 40, at 2–3. It seems that Phillips, when he wants to, knows how to serve a summons and a complaint consistent with the federal rules.

*Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Given Phillips's repeated failures to serve the Defendants, and his obstinance regarding the propriety of service by mail, dismissal is warranted. *Dyer*, 318 F. App'x at 844 (affirming dismissal of complaint under Rule 4 where the plaintiff failed to personally serve or acquire waiver of service from the defendant); *T-12 Ent., LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1392 (N.D. Ga. 2014) (noting the Court's "broad discretion" to dismiss a case due to defective service). For the same reason, entry of default against the Defendants who have not been personally served or returned a waiver of service is improper.[68] *Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (affirming denial of motion for default judgment because the plaintiff failed to file adequate proofs of service and "the court was unable to determine if, or when, appellees were served").

---

[68] This includes Defendants Peppertree Circle, Tonya Carter, Registered Agents Inc., Northwest Registered Agent, LLC, Quick Drop, Tenesha Thomas, James W. Conroy, and Officer Morgan, against whom Phillips seeks entry of default. As noted, the only Defendant who returned a waiver and who has not appeared in this case is Curtis McMurray. ECF 40. Although entry of default may be proper against McMurray, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted so it will not enter a default judgment against him.

b.      **Failure to State a Claim**

Phillips brings his claims pursuant to 42 U.S.C. § 1983, alleging that the Defendants, acting together and separately, deprived him of his life, liberty, and property interests by interfering with his right to govern himself as a "sovereign principal."[69] As best as the Court can interpret, Phillips believes that he is not required to register his vehicle in the State of Georgia because he "cannot be forced to pay a license fee or tax to exercise the right(s), secured or protected by the Constitution, to use his own property as he sees fit so long as he does not interfere with the rights of others."[70] By having his vehicle towed because it was unregistered, the Group I and Group II Defendants allegedly acted under the color of state law by enforcing the unconstitutional vehicle registration laws.[71] The Group III Defendants, as state actors, allegedly violated Phillips's rights by failing to properly record the investigation into the allegedly illegal tow.[72]

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

---

[69]   ECF 18, ¶¶ 15(i)–(xvii).

[70]   *Id.* ¶ 6.

[71]   *Id.* ¶¶ 4(a)–(b).

[72]   *Id.* ¶¶ 4(c)–(e).

> United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for
> redress.

Section 1983 itself creates no substantive rights. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Rather, it provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Id*. Thus, as a threshold matter, a plaintiff "must allege a violation of constitutionally guaranteed rights." *Gresham v. Dell*, 630 F. Supp. 1135, 1136 (N.D. Ga. 1986).

The alleged deprivations of Phillips's rights fall into three categories: (1) the acts related to the towing of Phillips's vehicle, (2) the post-deprivation acts that prevented Phillips from retrieving the vehicle, and (3) law enforcement's failure to adequately respond to Phillips's requests about the incident report created after the tow. Each claim is tinged by Phillips's assertion that he is a "sovereign principal," and therefore is not subject to laws and regulations that impose upon his liberty.

### i. Pre-Deprivation

As for the actions leading up to the towing of Phillips's vehicle, his claims fail because none of the Group I or Group II Defendants were acting under the

color of state law in having the vehicle towed. To impose liability on a private

party under Section 1983, a plaintiff must establish that the party is a state actor

by showing:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test");
>
> (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or
>
> (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Stevens v. Plumbers & Pipefitters Loc. 219*, 812 F. App'x 815, 819 (11th Cir. 2020). In

other words, the party's actions must be "fairly attributable" to the state. *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 923 (1982). Having a car towed from private

property pursuant to the terms of a lease agreement, or "towing a car at the request

of a private landowner—falls far short of this standard." *Beyer v. Vill. of*

*Ashwaubenon*, 444 F. App'x 99, 101 (7th Cir. 2011). "[T]he Constitution as a rule

protects people from the state, not from each other." *Id.* The Court is not persuaded

that the Group I or Group II Defendants became state actors through determining

that Phillips's vehicle was unregistered and, therefore, towable based on the lease

contract into which Phillips had entered. Thus, Phillips has not alleged a constitutional deprivation related to the pre-towing acts.

### ii.    Post-Deprivation

The allegations regarding the post-towing acts attributable to the Group I and Group II Defendants similarly fail because these Defendants did not act as the state in failing to secure the return of Phillips's vehicle. Moreover, Phillips's post-deprivation Section 1983 claim is improper because Georgia law provides an adequate alternative remedy. "[A]s long as *some* adequate postdeprivation remedy is available, no due process violation has occurred. The state of Georgia has created a civil cause of action for the wrongful conversion of personal property. *See* O.C.G.A. § 51–10–1 (1982)," which applies to seizures by state actors and, "[t]herefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (holding no procedural due process violation occurred where defendants failed to inform the plaintiff of forfeiture proceeding on her seized automobile).

### iii.   The Incident Report

Finally, Phillips has no constitutionally guaranteed right to an investigation of the allegedly wrongful tow, *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir.

2002) (holding that the plaintiff had no protected liberty or property interest in a police investigation and no substantive right to an investigation, "much less one created by the Constitution"); *McGinley v. Jetton*, No. 8:11-CV-322-T-17MAP, 2011 WL 2600443, at *6 (M.D. Fla. June 29, 2011) (finding "[t]here is no substantive due process right to an investigation, guaranteed by the Constitution or otherwise"), let alone to have an investigative report completed according to his personal standards. Thus, Phillips's Section 1983 claims against the Group III Defendants fail.

### iv.    Sovereign Citizen Claims

Phillips claims certain constitutional rights based on his status as a "sovereign principal." "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Courts, however, routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")). The Court has closely reviewed Phillips's allegations in the Amended Complaint and

concludes that they fail to state a cognizable claim. Though not all of the Defendants moved to dismiss this action, "[a]  District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987). The Court finds that dismissal as to all the Defendants is appropriate.

## IV.   Conclusion

Phillips's motions for entry of default [ECF 56–67] are **DENIED**. Defendant The Life Property Management Services, LLC's motion to dismiss [ECF 30]; Defendants Dekalb County and Officer Derrick Harris's motion to dismiss [ECF 45]; Defendant 3321 Peppertree Circle Decatur LLC's motion to dismiss [ECF 68]; and Defendant Tonya Carter's motion to dismiss [ECF 69] are **GRANTED**. Phillips's "notice and good cause request for consideration" [ECF 28] is **DENIED as moot.** The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 23rd day of March 2021.

Steven D. Grimberg
United States District Court Judge