FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 0 5 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGA
ATLANTA DIVISION

Phillips )
**Plaintiff(s)** )
 )
 )
v. ) Case No. 1:20-CV-00812-SDG
 )
The Life Property Management Services, LLC, et al )
**Defendant(s)** )
 )
 )

### AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST Attorney General Chris Carr

I, byron-wendell: phillips, certify that the following facts are true and correct to the best

of my information and belief:

1. I am a Pro Se plaintiff in this action.

2. A Notice of Constitutional Question or Challenge was filed on 12/7/2020 and delivery

was had on 12/29/2020.

3. The defendant is neither an infant nor an incompetent person.

4. The defendant is not in military service, for there is no evidence to the contrary.

5. A default was entered against the defendant on 3/23/2021 pursuant to Fed. R. Civ. P.

Rule 55 (a).

6. Relief Phillips is entitled to:

(a) Declaratory judgment declaring the State laws in question as unconstitutional in their

application to the traveling public using personal/private vehicles less than 10,000 pounds

gross vehicle weight for personal/private purposes and not using the highways as a place

of business.

(b) Declaratory judgment that misclassifying an "automobile" or "automobile not for hire" as a "motor vehicle" is unconstitutional.

(c) Declaratory judgment that misclassifying the user/owner of an "automobile" or "automobile not for hire" as a "driver" and not a "traveler" is unconstitutional.

(d) Declaratory judgment that Title 40 of the Georgia Code and related laws, or any other similar law anywhere, do not lawfully apply to neither an "automobile" or "automobile not for hire" nor the user/owner.

7. Applicable State Laws:

(a) O.C.G.A. §40-1-1(14) — defining "driver".

(b) O.C.G.A. §40-1-1(33) — defining "motor vehicle".

(c) O.C.G.A. §40-1-1(41) — defining "passenger car".

(d) O.C.G.A. §40-2-20 (a)(1)(A) — requirement to register an automobile or automobile not for hire as a motor vehicle.

(e) O.C.G.A. § 40-2-26(a); (b) — ad valorem taxation on property for personal use.

(f) O.C.G.A. §40-2-29(a) — license plate requirement to use personal property for personal purposes and the right to use the highways for ordinary travel.

(g) O.C.G.A. §40-2-151 — annual license fees to use personal property for personal purposes and the right to use the highways for ordinary travel..

(h) O.C.G.A. §40-5-20(a) — driver's license requirement to use personal property for

personal purposes and the right to use the highways for ordinary travel.

(i) O.C.G.A. §40-2-8(a); (b)(1); (c) — arrest without a warrant and $100 fine per day for exercising the right to use personal property for personal purposes and the right to use the highways for ordinary travel, business or pleasure; seizure of personal property without a warrant for not having a license plate; $25 fine first offense and $100 fine second and subsequent offense.

(j) O.C.G.A. §40-2-20(c) — $100 fine for failure to register personal property used for personal purposes on the highways.

(k) O.C.G.A. §40-5-29(a) - (c) — subjugation, arrest with no warrant, court appearance, $10 fine if you can prove driver license valid at the time of arrest for using personal property for personal purposes on the highways without a driver license.

(l) O.C.G.A. §40-5-58(c)(1) — refusing to waive rights, labeled as habitual offender, $750 fine or 1 to 5 years imprisonment or both, for using personal property for personal purposes on the highways without a driver license.

(m) O.C.G.A. §40-5-121(a), (d) — refusing to waive rights, labeled criminal, no arrest warrant, 2 days to 12 months imprisonment and $500 to $1,000 fine; 2nd and 3rd conviction within five years 10 days to 12 months and $1,000 to $2,500 fine; 4th or subsequent conviction within five years, 1 to 5 years imprisonment and $2,500 to $5,000 fine for using personal property for personal purposes on the highways without a driver license; municipalities welcome to join the action.

(n) O.C.G.A. §40-5-122 — can't loan one's own personal property for personal use to someone without a driver license.

(o) O.C.G.A. §40-6-10(a)(4); (b) — forced insurance for personal property, no arrest warrant; fine of $200 to $1,000 or 12 months imprisonment or both; anyone using personal property for personal purposes or authorizing another to use the property, fine of $200 to $1,000 or 12 months imprisonment or both.

(p) O.C.G.A. §40-6-12(a) — arrest with no warrant, 2nd or subsequent offense against forced insurance within a 5-year period.

(q) O.C.G.A. §40-6-15(a) - (c) — arrest with no warrant for using unregistered personal property for personal purposes and exercising the right to use the highways, imprisonment up to 12 months and fine of $500 to $1,000; 2nd offense with in 5-year period, 10 days to 12 months imprisonment and $1,000 to $2,500 fine.

This paper is prepared in Times New Roman 14 point. LR 5.1, NDGA

Respectfully Submitted.

Date: 4/5/2021

byron-wendell: phillips
Sovereign Principal
non-negotiable autograph, all rights reserved
sui juris

3308 Peppertree Circle, Apt. D
Decatur, Georgia 30034
Cell: 678-596-3499
Email: hip123456@yahoo.com